Argued October 10, affirmed as modified October 25, 1967

ABRAHAM, *Respondent, v.* ABRAHAM,
*Appellant.*

432 P2d 797

*Karl T. Huston,* Corvallis, argued the cause and filed the briefs for appellant.

*Richard T. Kropp,* Albany, argued the cause for respondent. With him on the brief were Willis, Kyle, Emmons & Kropp, Albany.

Before McALLISTER, Presiding Justice, and O'CONNELL and HOLMAN, Justices.

HOLMAN, J.

This is an appeal from an order modifying that portion of a divorce decree which required the husband to pay the wife $200 per month until she remarries. The provision was part of a property settlement agreement which was approved by the court.

The wife makes no contention that the provision of the property settlement agreement for the payment to her of monthly amounts was for other than alimony. The amount is therefore subject to modification by the court upon a sufficient showing of a change of circumstances in the husband's ability to pay alimony or the wife's necessity therefor. *Hurner v. Hurner,* 179 Or 349, 358, 170 P2d 720 (1946); *Prime v. Prime,* 172

Or 34, 50, 139 P2d 550 (1943); ORS 107.130(1)(a). The modification of an alimony award is within the discretion of the trial judge and his decision should be set aside only in the event of clear abuse. *State ex rel McKee v. McKee,* 237 Or 583, 587, 392 P2d 645 (1964). "Discretion" as used in this context does not mean the power of free decision unreviewable by an appellate tribunal, nor does it mean a latitude of judgment where there is an absence of any rules. It means the quality of sound and non-arbitrary judgment in accordance with certain limiting guidelines.

The parties were divorced on October 21, 1965. The hearing in the trial court on the motion to modify was held November 29, 1966, only 13 months later. The trial court reduced the alimony to $100 per month commencing November 10, 1966, to $50 per month commencing May 10, 1967, and terminated all payments on May 10, 1968.

The husband has failed to show any diminution of his income. He testified that the income from his retail lumber business was approximately $5,000 in 1964. Profit statements from his business showed a net income for 1965 of $5,189, and for the first nine months of 1966 of $4,330. Twelve month's income at the 1966 rate would equal $5,773. If allowance is made for less building activity because of adverse weather during the last three months of the year, the total income for 1966 would, in all probability, be equal to the two previous years. While the husband had income from other sources, he showed no diminution thereof.

At the time of the divorce the wife was ill and unable to work. By June of 1966 her condition improved and she obtained employment as a night janitress for Oregon State University at $1.28 per hour for a 40-

hour week. In July she was hospitalized for high blood pressure. In September, owing to the employment of college students by the University, she went to work as a maid at a motel for $1.20 per hour. Her average net monthly income was $190. She is not trained to do other than menial jobs involving considerable physical labor. At the time of the hearing on modification she was 40 years of age and still suffered from stomach ulcers, high blood pressure, and periodic bouts of the gout.

■  We believe that the evidence of the wife's change of circumstance does not justify the radical modification granted by the trial court. The length of her employment and the condition of her health (it doesn't seem to be seriously questioned by the husband) does not presently justify the complete termination of alimony either now or in the immediate future. Presently there is no way to determine with any degree of assurance whether the wife's improved health and the availability of employment will be of sufficient permanency to justify complete termination. At the time of the hearing she had only been working for six months which included an interruption for a trip to the hospital. The evidence does justify a reduction.

The trial court's order is modified to provide that the husband shall pay to the wife the sum of $100 per month alimony.