Argued October 26, affirmed as modified November 26, 1971

# GUELDENZOPF, *Respondent, v.* GUELDENZOPF, *Appellant.*

490 P2d 1042

*David P. Templeton,* Portland, argued the cause

for appellant. With him on the brief were Dusenbery, Martin, Bischoff & Templeton, Portland.

*Robert D. Herndon,* Gladstone, argued the cause for respondent. With him on the brief were Ringle & Herndon, Gladstone.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

## FORT, J.

This is a petition to modify a divorce decree. The parties were divorced in 1967. The decree awarded the wife $425 a month alimony. The former husband now seeks to reduce that payment by an amount equal to what his former wife is earning. The trial court reduced the alimony award from $425 a month to $175. Defendant wife appeals.

At the time of the divorce the wife was not employed outside the home. At the time of the hearing, however, she was, and had been, employed for a year and a half. She had gross earnings of $375 a month and a total net income after taxes of approximately $620 a month, including her alimony of $425.

The petitioner was employed on the same job as a certified public accountant at the time of the hearing as at the time of the divorce, but his net earnings had increased substantially.

The rules governing the modification of an award of alimony are set forth in *Strickland v. Strickland,* 183 Or 297, 192 P2d 986 (1948); *Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953); and *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967).

The court allowed a 20 per cent increase be-

cause of increased living costs in the past four years, allowed her $25 as extra costs of her employment, and deducted her gross salary to arrive at a reduced award of $175. Thus the sole change of economic condition relied upon by the trial court in arriving at the reduction of $250 a month was the fact that the wife was now earning a salary.

■ Certainly this is indeed a circumstance which may properly be considered in determining alimony. *Jolliffe v. Jolliffe,* 107 Or 33, 213 P 415 (1923); *Briggs v. Briggs,* 178 Or 193, 165 P2d 772, 166 ALR 666 (1946); Annotation, 18 ALR2d 10, 59 (1951); 2A Nelson, Divorce and Annulment 49, § 17.07 (rev 2d ed 1961). It is, however, but one circumstance, as pointed out in 18 ALR2d 10 at 62:

> "The mere fact that the wife has secured employment or that her income has increased since the entry of the decree for alimony or maintenance does not automatically require a reduction in or termination of payments, since the circumstances may be such that it will be just to permit the wife to receive the alimony or maintenance in addition to her income from personal services.",

and at 63:

> "It should be noted that even where the courts reduce alimony because the wife has secured employment, the reduction is not ordinarily equal to the amount of her earnings. The wife should be encouraged to seek employment, but if her alimony were reduced in the exact sum of her earnings she would have little incentive to work. Therefore the courts tend to reduce alimony by a fraction of the wife's earnings, the amount of the fraction varying with the facts of each case."

Here the 53-year-old wife had throughout the marriage a serious physical disability in the form of a

five-inch foreshortening of the leg resulting from childhood polio. The evidence at the time of the hearing was uncontradicted that her surgeon now recommended a fusion of the knee joint to relieve the pain and that on icy days she was unable to go to work at all.

In *Abraham* the Supreme Court considered a case where the trial court had terminated alimony payments to a wife who was ill and unemployed at the time of the divorce. The court said:

> "We believe that the evidence of the wife's change of circumstance does not justify the radical modification granted by the trial court. The length of her employment and the condition of her health (it doesn't seem to be seriously questioned by the husband) does not presently justify the complete termination of alimony either now or in the immediate future. Presently there is no way to determine with any degree of assurance whether the wife's improved health and the availability of employment will be of sufficient permanency to justify complete termination. * * *" 248 Or at 166.

■ Based upon the record we conclude that the order below should be modified by restoring the amount of alimony from $175 to $325 per month.

Affirmed as modified.