Argued October 31, affirmed in part; reversed in part
December 3, 1973

WELLS, *Respondent, v.* WELLS (No. 295-960),
*Appellant.*
516 P2d 480

*Douglas S. Hess,* Portland, argued the cause for appellant. On the brief were Hess & Hess, Portland.

*Douglas S. Querin,* Portland, argued the cause for respondent. With him on the brief were Reiter, Wall, Bricker & Zakovics, P.C., Portland.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

The background of this appeal is succinctly stated in defendant's brief on appeal:

"This is an alimony modification proceeding resulting from a divorce between the plaintiff and defendant on January 13, 1965. In the initial divorce proceeding, defendant by property settlement agreed to pay $350.00 per month to the plaintiff by way of alimony and the additional sum of $150.00 per month for each of the two minor children of the parties. Plaintiff commenced this suit for modification of her support to the sum of $650.00 per month. The trial court awarded an increase of plaintiff's alimony to the sum of $535.00 per month commencing May 1, 1971. Defendant appealed from the increased award and on April 13, 1972 the Court of Appeals reversed and remanded that order [Wells

v. Wells, 9 Or App 9, 495 P2d 1239 (1972)]. Thereafter, the trial court, after taking additional testimony, entered an order increasing the plaintiff's alimony to the sum of $500.00 per month commencing May 1, 1971."

Defendant contends that (1) there was insufficient evidence of change of circumstances to warrant the increase in alimony, (2) the trial court should not have taken additional evidence after the matter was remanded from the previous appeal, and (3) the award of $950 attorney fees to plaintiff, $800 for the first hearing on the motion to modify and $150 on the second, was erroneous.

(1), (2) The reason for the remand after the previous appeal was that a physician's report concerning plaintiff considered by the trial court was not made a part of the record. We said:

"* * * It is not possible for this court to review a decision which is based on a report that is not in the record. Plaintiff is entitled to a decision by the trial judge based only on properly admitted evidence." 9 Or App at 10.

■ When the case was back in the trial court the physician whose report had been relied upon was produced as a witness. Defendant objected to any testimony from him, the objection was overruled, and the physician was examined and cross-examined at length. The report was also received in evidence. We see no objection to this procedure, and there was nothing in our former opinion to prevent it. The evidence was relevant to the issue; indeed, it would have been virtually impossible to make an intelligent decision without it.

There was evidence of the plaintiff's previous excessive use of alcohol. She had changed to her

present physician from a former one. The first one had testified about her excessive use. The testimony from the second one showed that he had been aware of this difficulty, but that in the last two years there had been substantial improvement of her alcohol-related symptoms. There was substantial evidence that her use of alcohol had subsided. Her present physician testified he was of the opinion that arthritis had rendered her unemployable.

With reference to defendant, the evidence was that his income had increased from a range of about $17,000 in 1965 to substantially over $30,000 in 1969-70.

■ Defendant relies upon language in *Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953), to support his contention that his improved financial status may not be considered in deciding a motion to increase alimony. The trial court pointed out to counsel, and we do so again, that the part of *Feves* he relies upon is not in point. The language pressed upon us by defendant from that case relates to an agreement that modified the original agreement. It was made by the parties concerning an alimony settlement long after the divorce was over. The law applicable here is stated at another place in *Feves:*

> "In a motion for modification of a decree to increase or decrease the amount of alimony payments the financial status of the former husband is an important factor to consider in connection with his ability to pay. But his improved financial status, if any, does not of itself ordinarily warrant an increase, and the amount of such increase, if it be determined that an increase is necessary and proper, is usually governed by considerations different from those which apply to an original allowance at time of decree. It is largely governed by the necessities

of the former wife and the ability of the former husband to pay." 198 Or at 163.

Such is still the law in Oregon. *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967). We have reviewed the record and are satisfied the trial court's memorandum opinion and decision is based upon sound evidence and a close observation of the plaintiff. Particularly we note that in her opinion the trial judge said:

> "Prior to the divorce, Mrs. Wells had been employed in the family business. She had also worked in a restaurant. The physical condition now is such that she is not employed. The arthritic swelling of her hands is quite apparent. * * *"

We conclude the decision of the trial judge was within the bounds of her discretion:

> "* * * [M]odification * * * is within the discretion of the trial judge and * * * should be set aside only in the event of clear abuse. * * *" *Abraham v. Abraham,* supra, 248 Or at 165.

■ (3) The plaintiff made the original motion for increase of alimony in February 1971. There was no request for attorney fees therein. Nevertheless, somewhere a request for plaintiff's attorney fees was made, and the court allowed them. Defendant points out in his brief that in ORS 107.135 (3) it was provided:

> "The court may assess a reasonable attorney fee against an unsuccessful moving party who files a motion to set aside, alter or modify a decree as in this section provided."①

---

① This provision was amended by the 1973 legislature to read:

"(3) In a proceeding under subsection (1) of this section, the court may assess against either party a reasonable attorney's fee for the benefit of the other party." Oregon Laws 1973, ch 502, § 9.

This amendment became effective after the determination of the motion at bar; otherwise, the result would be different here.

This provision was formerly in ORS 107.130, which was construed in a similar situation as that at bar in *Fox v. Fox*, 254 Or 444, 460 P2d 1013 (1969). There the court reversed the part of the decree which awarded attorney fees. We must do the same here.

Affirmed except as to the part of the order which allows attorney fees, which is reversed.