McREYNOLDS, *Respondent,*
*v.*
McREYNOLDS, *Appellant.*
(No. 339 558, CA 4680)

547 P2d 664

*Edward Murphy, Jr.,* Portland, argued the cause for appellant. With him on the brief were Wheelock, Niehaus, Baines, Murphy and Ogilvy, Portland.

*Howard H. Campbell,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

The wife appeals from the decision of the circuit court which denied her motion to modify the support provisions of a divorce decree entered five years before.

The parties were granted a divorce in July of 1970. The decree awarded the wife support in the amount of $450 per month for three years and $250 per month for an additional two years. Wife also received assets valued at approximately $79,000.

In March of 1975 the wife commenced this proceeding in an effort to have her support increased to $500 per month and to have the period extended indefinitely.

The trial court denied the wife's motion to modify on the ground that although it had authority to modify the amount of support, it was without authority to extend the period in which wife would receive support. Nonetheless, the trial court received evidence on the question of whether a sufficient change of circumstances had occurred to justify a modification. It did so to enable this court to reach the merits and therefore to prevent the possibility of two appeals, one on the jurisdictional question and possibly one later on the merits.

Considering first the jurisdictional question, wife contends that the trial court erred in holding that ORS 107.135(1)(a) does not give a court continuing jurisdiction to extend the duration of support. That section provides:

> "(1) The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted * * * to:
>
> "(a) Set aside, alter or modify so much of the decree as may provide for the * * * support of a party * * *
>
> "* * * * *."

This court has never before ruled directly on this issue, although we have in dictum assumed that a court has

the authority to extend the duration of support upon a showing of changed circumstances. *See, Wright and Wright,* 13 Or App 101, 508 P2d 829 (1973).

Husband argues that a spouse ordered to pay support for a limited period has a right to rely on his obligation terminating as scheduled in the dissolution decree. He contends that such a rule is necessary to allow an obligor spouse to plan his finances with certainty. Additionally, he argues that a spouse receiving support will have a greater incentive to become self-sufficient if she knows that her support will cease with certainty at a specific date.

Wife argues that the language of the statute imposes no such restriction on the authority of the court and that the statute should be construed to give the court flexibility to extend the duration of support where a change of circumstances warrants it.

The policy arguments on both sides are strong, but it is the language of the statute itself that is controlling here. *Haas v. Myers,* 10 Or App 495, 500 P2d 1068 (1972). The language of ORS 107.135(1)(a) gives the court wide powers to modify support provisions of a dissolution decree. We see no language in the statute which indicates an intention on the part of the legislature to limit the court's authority as husband urges. Had the legislature intended that the court's power be limited in this matter it would have been a simple matter for it to specifically so state. It did not. We decline to read into the statute the limitation urged by husband.

Having determined that a court has the authority to extend the duration of support beyond the period called for in the decree, we proceed to consider whether the wife has shown a sufficient change of circumstances.

In support of her motion to modify, the wife sets forth six alleged changes of circumstances. Of these only three warrant consideration: first, that her health

has deteriorated making it more difficult for her to work; second, that her financial condition has changed for the worse; and third, that the husband's income has increased substantially.

Considering first the wife's health, we are not convinced that it has changed sufficiently to warrant modification. Although wife suffers from hypoglycemia, we gather from her testimony that her condition can be largely controlled by diet. There is no evidence that wife is physically unable to work.

Neither are we of the opinion that wife's financial position has changed sufficiently to justify a modification.

Lastly, wife argues that the substantial increase in the husband's income since the divorce is ground for modification. While husband's ability to pay is an important factor in determining whether a modification is called for, it alone is not a sufficient ground where, as here, other factors indicate that modification is not warranted. *Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953); *Wells v. Wells,* 15 Or App 507, 516 P2d 480 (1973).

Affirmed. No costs to either party.