Argued September 27, affirmed, costs to respondent November 1, reconsideration denied December 8, 1976, petition for review denied January 11, 1977

CRONIN, *Respondent,*

*v.*

CRONIN, *Appellant.*

(No. 370-410, CA 6209)

555 P2d 790

*Barbee B. Lyon,* Portland, argued the cause for appellant. With him on the brief was Tonkon, Torp & Galen, Portland.

*William E. Hurley,* Portland, argued the cause for respondent. With him on the brief was Bernard, Hurley, Hodges & Kneeland, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges

[ 243 ]

PER CURIAM.

**PER CURIAM.**

This appeal is from an order modifying the support provisions of a dissolution decree.

■ The original decree, entered in 1972, required appellant-husband to pay $450 per month child support and $750 per month spouse support. For reasons not necessary to here detail, the 1972 decree did not make a final division of the parties' property. In 1975 a supplemental decree divided the property.

When the original decree was entered, respondent-wife was not employed. Thereafter she began working as a real estate salesperson.

The husband moved to eliminate spouse support, citing as changed circumstances the wife's employment and her receipt of property under the 1975 supplemental decree. The wife responded with a motion to increase child support. After hearing on both motions, the trial court ordered spouse support decreased $270 per month and child support increased $150 per month. Our de novo analysis leads us to the same conclusion.

■ The wife's delayed receipt of her share of the marital estate is not a change of circumstances warranting a reduction in her support, because this was clearly within the contemplation of the original decree. *See, Delf and Delf,* 19 Or App 439, 442, 528 P2d 96 (1974).

The wife's earnings in the real estate business have been erratic. With "beginner's luck" she received a very large commission on one sale. Disregarding that one commission, we find from the evidence that her after-expenses/after-taxes income has not been substantial. The fact that the wife has some additional income warrants the trial court's $270 per month reduction in support. *See, Gueldenzopf v. Gueldenzopf,* 7 Or App 298, 490 P2d 1042 (1971). On this record, that fact does not warrant any further reduction.

While sketchy, we also find the evidence sufficient to conclude that the expenses of rearing the parties' three children have increased since the original decree. We therefore agree with the increased child support ordered.

Affirmed. Costs to respondent.