Argued February 28, affirmed April 11, 1977

In the Matter of the Dissolution of the Marriage of
PRATT, *Appellant,*
*and*
PRATT, *Respondent.*
(No. 86827, CA 7032)
562 P2d 984

Fred A. Anderson, Tigard, argued the cause for appellant. With him on the brief was Anderson, Dittman & Anderson, Tigard.

Stanley E. Sharp, Portland, argued the cause for respondent. With him on the brief was Shannon, Johnson & Sharp, Portland.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

LEE, J.

Schwab, C. J., specially concurring opinion.

## LEE, J.

Husband appeals from an order denying his motion to modify a dissolution decree by eliminating or reducing his monthly spousal support payment of $225. Entered July 15, 1974, the decree dissolving the marriage awarded custody for an only child to the wife, required husband to make monthly child support payments of $100, divided the marital property pursuant to a property settlement agreement submitted by the parties, and in accordance with that same settlement agreement imposed the spousal support obligation husband now seeks to have modified.

■ It is elementary that the party requesting the modification of an award of spousal support has the burden of demonstrating a change in circumstances, unanticipated at the time of the dissolution, in the one spouse's ability to pay and/or the other's need therefor.[1]

■ At the time the decree dissolving the marriage was entered husband was the holder of a substantial interest in, and an employe of, a closely held corporation. When that corporation was adjudged bankrupt in December of 1975 husband did suffer a temporary financial setback; the record indicates, however, that at the time of the modification hearing in August of 1976 he had returned to sales work and was earning an income substantially identical to that available to him at the time of the dissolution. In effect, therefore, there had been no change in husband's ability to make the spousal support payments; the failure of the corporation in 1975 had not produced any lasting financial consequences rendering husband incapable of meeting his support obligation.

■ The only change in circumstances present in this

---

[1] *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967); *Vann and Vann,* 24 Or App 31, 544 P2d 175, Sup Ct *review denied* (1976); *Baker and Baker,* 22 Or App 555, 540 P2d 388 (1975); *Wells v. Wells,* 15 Or App 507, 516 P2d 480 (1973).

[ 117 ]

case is, therefore, the fact that the wife, unemployed at the time of the dissolution, had returned to gainful employment. That this change was, however, not unanticipated is we believe apparent; it is unlikely that either party anticipated that the wife would be able or willing to support herself and her son on the total monthly support payment of $325 provided by husband—her return to work was obviously necessary and foreseeable. While wife had in fact been fortunate enough to obtain a position which presently enables her to earn somewhat more than might have been anticipated, her current income is not so great as to alleviate her need for the $225 spousal support, at least a portion of which must necessarily be used to cover the costs of raising the son in her custody in light of the fact that husband's child support payments amount to but $100 per month.

We find that the husband has failed to carry his burden of proving a sufficient change of circumstances to warrant modification. *Cf., Cronin v. Cronin,* 27 Or App 243, 555 P2d 790 (1976), Sup Ct *review denied* (1977); *Marrs and Marrs,* 26 Or App 33, 551 P2d 1318 (1976); *Gueldenzopf v. Gueldenzopf,* 7 Or App 298, 490 P2d 1042 (1971).

Affirmed. Costs to respondent.

**SCHWAB, C. J.,** specially concurring.

I arrive at the same conclusion as the majority, but not for precisely the same reasons. In fact, had the award to the wife of $225 per month for a period of ten years been contemplated as spousal support in the usual sense, I would hold that the changes in the financial status of the parties subsequent to the decree of dissolution constituted a change of circumstances. However, the husband himself testified that the $225 per month for ten years was arrived at by computing the then market value of stock the parties owned in a closely held corporation, and giving one-half of that value to the wife in monthly installments.

Were we to treat this award as a property award we would not have the power to modify it regardless of a change of circumstances—but we need not here determine whether in a legal sense this was a provision for the payment of support or for the division of property. The husband himself concedes that the intent of the parties was the latter and equity dictates that it should be so treated in this proceeding.