Argued and submitted June 19, reversed October 12, 1981,
reconsideration denied January 28,
petition for review allowed March 2, 1982 (292 Or 589)
See later issue Oregon Reports

In the Matter of the Marriage of

McDONNAL,
*Respondent,*
*and*
McDONNAL,
*Appellant.*

(No. D9229, CA 18841)

634 P2d 1357

James W. McClurg, Portland, argued the cause for appellant. With him on the brief was Kennedy, King and McClurg, Portland.

Chris P. Ledwidge, Portland, argued the cause for respondent. With him on the brief was Ledwidge & Ledwidge, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

Thornton, J., dissenting opinion.

## VAN HOOMISSEN, J.

Husband appeals from an order modifying the provisions of a 1977 dissolution decree which provided spousal support for three years. In 1980, wife filed a motion to modify the decree, asking that spousal support be increased and made permanent. The trial court allowed wife's motion. The issues are: (1) was it proper for the trial court to extend spousal support, and (2) was it proper for the trial court to increase spousal support? We review *de novo* and reverse. ORS 19.125(3).

The essential facts are not in dispute. The parties were married in 1959. Two children were born of the marriage. Husband had been steadily employed as a data processor. In 1972, wife was diagnosed as having multiple sclerosis.

In her petition for dissolution filed in May, 1976, wife alleged in part:

"Petitioner is suffering from multiple sclerosis and is under the care and treatment of doctors. * * *"

She asked for custody of the children, child support and $600 monthly spousal support,[1] in addition to an equitable distribution of the marital estate. In June 1976, wife's neurologist advised wife's attorney that he could not anticipate her being gainfully employed.[2] In his response, husband specifically acknowledged wife's disease. He asked that she be awarded "a reasonable amount of support for a reasonable period of time * * *." He also asked for custody and a fair and equitable distribution of the marital estate. In October, 1976, the trial court awarded temporary

---

[1] For reasons not disclosed by the record, wife did not petition for permanent support. *See Kitson v. Kitson,* 17 Or App 648, 656, 523 P2d 575 (1974), where we said:

"* * * if the wife is not employable or only employable at a low income compared to her standard of living during marriage, then, generally speaking, permanent support is appropriate."

[2] "* * * I have seen her since 1973 because of a neurological condition called multiple sclerosis.

"Her present neurological status is characterized by difficulty in walking, which is called an ataxic spastic gait. She is capable of operating her household and taking care of her children. Her difficulty is such that one could not anticipate her being gainfully employed."

custody of the children to husband. Wife was not ordered to contribute to their support. The order also provided that husband pay wife $500 monthly for temporary support.

Wife was "pretty ill" at the time of the dissolution in February, 1977. She had difficulty walking, and she did not anticipate ever being employed. Wife's neurologist advised her attorney that at that time she was unemployable.[3] The decree awarded permanent custody of the children to husband. Wife was not ordered to contribute toward their support. The family residence was ordered sold, and the net proceeds were divided between the parties. From that sale wife received $20,543, which she invested in savings certificates. The decree provided for spousal support of $500 a month for one year and $400 a month the following two years. The decree further provided:

"The matter of alimony may be reviewed by the court at the expiration of three years, that is after February 25, 1980, upon motion filed prior to the expiration of three years, that is prior to February 25, 1980."

Wife did not appeal the provision of the decree awarding her temporary support. *See* n 1, *infra.*

On December 3, 1979, wife's neurologist advised her attorney that her medical condition remained essentially unchanged.[4] In January, 1980, wife filed her motion to continue and increase spousal support. In her affidavit, wife alleged that there had been "changes in [her] personal requirements" and "changes regarding the minor children of the parties." She alleged that husband's financial condition had improved while hers had deteriorated, and that

---

[3] "Her physical disability is due to a disorder of her spinal cord caused by multiple sclerosis which produces difficulty in walking. She has a spastic ataxic gait. This provides difficulty in walking on rough ground, climbing stairs, and engaging in any physical activity with agility. One needs only to observe her walk to identify the variety of problems she has. Multiple sclerosis is a disease which has exacerbations and remissions. This means that she is subject to periodic attacks of neurological dysfunction that may be quite disabling for periods of time. At the present, she is not able to engage in activity requiring any significant use of her legs for standing or walking such as might be required in fitting herself into the labor market."

[4] "Her neurological disability has continued. The prognosis is for continuation of the disease. She will probably have a gradual increase of her disability as time passes. Multiple sclerosis in itself will not impair her life expectancy."

her illness and disease had worsened. She summarized her claimed change of circumstances as follows:

"One, the discontinuance in necessity to provide support for the daughter by [husband]. Secondly, the deteriorating increase of the disease afflicting [wife]. Third, [wife's] increased living expenses corresponding to her physical decline. Lastly, the increased financial potential of the [husband] due to the sale of the residence and such other matters yet to be determined by [wife]."

At the modification hearing, the evidence showed (1) the parties' daughter left husband's home in March, 1977, and was married in December, 1977, (2) wife's medical condition had remained essentially unchanged, (3) wife's expenses had decreased from $598 monthly in 1977 to $550 monthly in 1980, (4) wife's proceeds from the sale of the parties' home has decreased to $13,391 due to her expenses and the capital gains tax, and (5) husband's gross income had increased from $28,630 in 1977 to $31,344 in 1979. The evidence also showed that husband had married a woman with two children, an income of $21,120 yearly, $100 monthly child support and a $65,000 condominium, which she rented for $400 monthly, an amount about equal to her payments and expenses on the unit. Husband testified he had used his share of the proceeds from the sale of the parties' home to make a down payment on a new home which he purchased for $50,500. He sold that house for $75,000 when he remarried and purchased the house he and his present wife are now living in for $102,000. He estimated the present value of that house to be $125,000. By reinvesting the proceeds from the sale of the parties' home in another residence, he avoided paying any capital gains tax on that sale.

The trial court stated:

"Quite frankly, it is a close case. * * * When you read these reports, not all that much has changed, and even the petitioner's testimony is not all that strong.

"* * * [T]he rule is a preponderance of the evidence, which is ever so slight and outweighing to that opposed to it. I would find by a preponderance of the evidence that there has been a change of circumstances produced by the evidence both in the form of written exhibits, as well as the testimony of the petitioner, and therefore, I am going to

continue spousal support, and it will be on a permanent basis, rather than for a limited period of time. On that question, I don't think there is any doubt but that her condition is going to be of a permanent nature."

The trial court based its conclusion that there had been a change of circumstances on the court's finding of a change in wife's physical condition.[5] The trial court thereupon modified the decree and ordered husband to pay spousal support of $500 monthly on a permanent basis.

Wife contends that, even if the 1977 decree placed the burden upon her to show a change of circumstances to continue spousal support, she has sustained the burden in that there has been a material change in the ability of husband to pay support and in her need therefor. Husband contends there was no factual or legal basis for modification. He argues that wife's physical condition was known at the time of the decree and has not significantly changed. He argues that wife was unemployable at the time of the decree, that no one anticipated she would ever become employable and that wife's expenses have actually decreased.

■ The trial court correctly concluded that the reviewability language in the decree was surplusage. *McReynolds v. McReynolds,* 24 Or App 891, 547 P2d 664 (1976); ORS 107.135(1)(a). The trial court also correctly determined the burden of showing a change of circumstances was on wife.[6] We conclude, however, that wife failed to sustain her burden because the evidence shows there was little, if any, change in the circumstances of the parties between 1977 and 1980 which was not anticipated or which was not reasonably forseeable at the time the decree was entered in 1977.

---

[5] "MR. MCCLURG: Your Honor, could I ask the Court — is the change of circumstances then based on the Court's finding of the change in her physical condition?

"THE COURT: Yes."

[6] To the extent that the trial judge may have intended to relieve wife of her burden of showing a change in circumstances, such a provision in a decree is without legal authority. *Slauson and Slauson,* 29 Or App 177, 183, 562 P2d 604 (1977).

■ A modification proceeding is not a substitute for an appeal. *Bridges v. Bridges,* 15 Or App 275, 515 P2d 427 (1973); *Verburg v. Verburg,* 8 Or App 524, 495 P2d 35 (1972). Wife had the burden of proving that there had been a substantial change of circumstances since the entry of the decree which could not have reasonably been anticipated at the time of the decree. *McLean and McLean,* 46 Or App 367, 369, 611 P2d 693 (1980); *Hill and Hill,* 31 Or App 41, 44, 569 P2d 686 (1977); *Hellweg v. Hellweg,* 30 Or App 995, 997, 568 P2d 710 (1977); *Pratt and Pratt,* 29 Or App 115, 117, 562 P2d 984 (1977); *Delf and Delf,* 19 Or App 439, 442, 528 P2d 96 (1974).

■ ■ The nature and extent of wife's illness were known at the time of the dissolution and it was never contemplated she would be gainfully employed. Her condition today is essentially unchanged. Her expenses, if not less, have not increased. Her need for support is no different today than it was in 1977, when the decree awarded her temporary support terminating in three years. Husband's income has increased; however, that increase has been less than the rate of inflation during the period and, more importantly, that increase was forseeable at the time of the entry of the decree.[7] Furthermore, an increase of income alone does not constitute a change in circumstances warranting an award of greater spousal support. *Hill and Hill, supra,* 31 Or App at 45; *McReynolds v. McReynolds, supra,* 24 Or App at 895. Husband also has invested his money prudently, but the law does not give a former spouse an unconditional right to share in the good fortune of her former husband, acquired subsequent to the dissolution and to which she has contributed nothing. *Feves v. Feves,* 198 Or 151, 164, 254 P2d 694 (1953); *Ward v. Ward,* 41 Or App 447, 452, 599 P2d 1150, *rev den* 288 Or 141 (1979).

We conclude wife has failed to sustain her burden of showing that there has been a substantial and unanticipated change in the circumstances of the parties since the

---

[7] Husband testified his salary increased 3.7% since the dissolution. He also testified that it now requires more to support the parties' son than it did at the time of the decree. The record is silent on whether it was anticipated or forseeable at the time of the decree that the parties' daughter would leave husband's home within a month and marry before the year's end.

entry of the decree in 1977. Therefore, it was error for the trial court to extend the husband's obligation to pay spousal support beyond the terminal date established in the decree.[8]

Reversed. No costs to either party.

**THORNTON, J.,** dissenting.

Contrary to the majority, my examination of this record leads me to the conclusion that there has been a sufficient change of circumstances to warrant the modification allowed by the trial court. The evidence establishes that wife's multiple sclerosis has grown progressively worse, her physical condition has deteriorated since the entry of the decree, she is no longer able to care for herself, walk or drive a car, and her condition is permanent and incurable. Further, her need for care has increased. As for husband, the evidence establishes that his financial circumstances have improved since the decree was entered through the increase of his income, the emancipation of the daughter, and the earnings of husband's new wife.

ORS 107.135(1)(a) provides:

_____ _____ ____

[8] *Case v. Case,* 18 Or Ap 637, 526 P2d 467 (1974), cited by wife, is distinguishable. In *Case* the evidence established that *permanent* spousal support was insufficient to meet the former wife's needs and that the husband could afford to pay the increased amount ordered. The husband had no current child support obligation and neither party had remarried. Wife had a long history of both physical and mental disabilities; however, our opinion does not indicate to what extent those disabilities were known ten years earlier at the time the parties were divorced.

*McReynolds v. McReynolds,* 24 Or 891, 547 P2d 664 (1976), relied upon by the dissent, does not help wife. In *McReynolds,* the decree provided support for five years. Before the five years had expired, the wife sought modification to increase the amount of the support and to make support permanent. The trial court found it lacked jurisdiction to extend the period during which support would be due, but that it did have jurisdiction to consider wife's motion that the monthly payments be increased. After hearing the evidence, the trial court found wife had failed to sustain her burden of showing a sufficient change of circumstances justifying an increase in her support. We held that the trial court had jurisdiction to extend the period during which support would be due; however, we agreed with the trial court that wife had not shown a change of circumstances sufficient to warrant modification. We therefore affirmed the trial court's order denying wife's motion to modify the decree. In this case no one questions the wife's right to seek a modification of the parties' decree. We merely hold, as we did in *McReynolds,* that wife has failed to sustain her burden of showing a substantial change in the facts unforseeable at the time the decree was entered in 1977.

"The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children, or for the support of a party; * * *."

In *McReynolds v. McReynolds,* 24 Or App 891, 547 P2d 664 (1976), we pointed out that under the above provision a court of domestic relations has authority to extend the duration of support beyond the period called for in the original divorce decree.

In my view this is a proper case to extend the duration of support beyond the period called for in the original decree. I would therefore affirm the trial judge.