Argued and submitted December 10, 1986, reversed on appeal; affirmed on cross-appeal May 6, 1987

In the Matter of the Marriage of

BARRON,
*Respondent - Cross-Appellant,*
*and*

BARRON,
*Appellant - Cross-Respondent.*

(D18-838; CA A39559)

736 P2d 583

Appeal from Circuit Court, Washington County.

Jon B. Lund, Judge.

Constance C. Jarvis, Portland, argued the cause for appellant - cross-respondent. With her on the briefs was Michael J. O'Brien, Portland.

JoAnn B. Reynolds, Portland, argued the cause for respondent - cross-appellant. With her on the brief was Bennett, Hartman, Tauman and Reynolds, P.C., Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a modification proceeding. ORS 107.135(1)(a). Husband appeals a trial court order awarding wife permanent spousal support. Wife cross-appeals, contending that the court should have awarded her more support and attorney fees. On *de novo* review, ORS 19.125(3), we reverse on the appeal and affirm on the cross-appeal.

At the time of the dissolution hearing in 1982, wife had physical and emotional problems. She had been hospitalized and was under the care of a psychiatrist and her personal physician. She testified about her condition but offered no medical evidence. She had been a teacher but was unemployed. Her counsel argued that she should be awarded permanent spousal support. However, the trial court ordered that husband pay her $500 monthly spousal support for one year, $400 monthly for the next year and $300 monthly for the third and final year. She appealed that decision, but her appeal was later dismissed by stipulation of the parties.

In 1986, wife moved to modify the original judgment to provide her with permanent spousal support.[1] She alleged that a substantial change of circumstances had occurred since 1982, in that husband's income had increased, his expenses had decreased (because the parties' children were emancipated, thus ending his duty to support them) and her health had not improved. The trial court found a substantial change in wife's circumstances and awarded her permanent spousal support. The court stated, in relevant part:

"Since entry of the decree there have been substantial changes in petitioner's circumstances. In a nutshell they are:

"(1) Petitioner's medical (emotional) condition has not improved as originally contemplated by the trial judge;

"(2) Petitioner is unable to be employed at an adequate wage level or responsibility level to be economically self-sufficient as hoped for by the parties and the trial judge.

"These circumstances warrant a modification requiring

---

[1] The original judgment was signed in March, 1983. Wife's motion to modify was filed in January, 1986.

respondent to pay $300 per month as spousal support, until further order of the court."

Husband contends that wife has not shown a substantial and unanticipated change of circumstances since 1982.[2] *See McDonnal and McDonnal,* 293 Or 772, 783, 652 P2d 1247 (1982); *Stephens-Tiley and Stephens-Tiley,* 50 Or App 503, 506, 623 P2d 1105 (1981). He first argues that an increase in his income, by itself, does not justify a modification. We agree. *See Hill and Hill,* 31 Or App 41, 44-45, 569 P2d 686 (1977); *McReynolds and McReynolds,* 24 Or App 891, 895, 547 P2d 664 (1976). He next argues that the emancipation of the parties' children, and the resulting elimination of his child support obligation, was anticipated in 1982 and, therefore, by itself, does not justify a modification. Again, we agree. *See Cronin and Cronin,* 27 Or App 243, 555 P2d 790 (1977); *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974). Further, on these facts, an increase in husband's income and a decrease in his expenses (because the parties' children were emancipated, thus ending his duty to support them), taken together, do not justify a modification. *See Hanlin v. Hanlin,* 42 Or App 165, 600 P2d 454, *rev den* 288 Or 81 (1979); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974). That leaves the question of wife's health.

Husband argues that wife's health is essentially unchanged from 1982. A deterioration in her health could show changed circumstances, as perhaps could a failure to improve if significant improvement was expected at the time of the original judgment. At the modification hearing, wife's psychiatrist described her condition as "a bipolar illness, which is a type of depressive illness." He stated that there had been very little change in her condition between 1982 and 1986. He acknowledged that his 1982 diagnosis was "manic-

---

[2] The parties' incomes and expenses were considered in 1982 in determining the amount and duration of spousal support to be awarded in the original judgment. Challenges to that award could have been raised on direct appeal, but were not. The cases cited by wife justifying an award of permanent spousal support might have benefitted her had she pursued her appeal from the original judgment. However, a modification proceeding is not a substitute for an appeal. *See Frothingham and Frothingham,* 22 Or App 39, 42, 537 P2d 1174 (1975); *Bridges and Bridges,* 15 Or App 275, 276, 515 P2d 427 (1973); *Verburg v. Verburg,* 8 Or App 524, 525, 495 P2d 35 (1972).

depressive," but explained that only the *label* given her condition had changed. Except for that label, his diagnosis was the same in 1986 as it had been in 1982.

We find little evidence in the record to support the modification court's finding that the dissolution court's spousal support award contemplated that wife's health would improve within three years.[3] Her testimony in 1982, and the arguments of her attorney at that time asking for permanent spousal support, suggested that there was little hope that her health would improve. On *de novo* review, we conclude that wife has failed to sustain her burden of proof on the issue of health.[4] Therefore, the trial court lacked authority to modify

---

[3] In awarding wife stepped-down spousal support, terminating in three years, the trial court explained:

"So I am going to order that the Petitioner receive spousal support from the Respondent, and here I have taken into account not only the income of the Respondent—because that is obviously going to be the source, as I view things—but I have taken into account the Petitioner's age, her health, and her education and her work experience, and I have taken into account what I view to be her income potential, and I gather she is going through a stressful period, but that—everybody does that, I think, in a divorce. I shouldn't really say everybody, because some of them come through here smiling and can hardly wait for me to sign the papers. Well over half the people, particularly your age group that have been married this long, there is stress on both sides, and—I don't know the why of it. Women verbalize it more than men do. I guess it is not manly to say that you feel stressful. That is my experience here on this job that the woman verbalizes it more than the men do; although, I think both of them go through it, and, also, I am taking into account the fact that both of the girls will be out of high school within two years plus, and so I have kind of geared the spousal support to that taking into account, too, that having had teenagers in the house, that is a stressful situation, too, and there is a lot of enjoyable moments, but there is a lot of stressful moments, and you add a divorce to two teenagers in the house—especially if there is a phone—that stress will be gone, too, hopefully by the time the alimony terminates. So I have let that cat out of the bag that it is going to be temporary in nature, and for one year Mr. Barron will be required to pay the Petitioner $500; for one year he will then be required to pay her $400, and then one year he will be required to pay her $300, and I really think by that time, based upon all these things I mentioned, particularly her education, work experience, income potential, and the girls being out of the house, she will be able to be—and particularly getting the house as she is and will have a very reasonable place to live, because I don't know where she could ever rent an apartment for two hundred plus dollars as the payments are on this family home, and I would gather, too, the $10,000 will not be—will not take all that long to pay off, and then, in part, the reason for awarding the $5,000 in cash is not only to give her a little nest egg to fall back on, but I think in view of the total distribution of the source of all these funds, that both parties should pay their own attorney's fees; however, the Respondent will be required to pay all the actual court costs incurred by the Petitioner."

[4] At the time of the original hearing, wife was unemployed. During the eighteen months before the hearing, her total income from employment was about $70. She had

the original judgment to award her permanent spousal support. *See Hanlin v. Hanlin, supra,* 42 Or App at 168; *McReynolds v. McReynolds, supra; Baker and Baker,* 22 Or App 555, 540 P2d 388 (1975).

The facts in this case are not significantly different from those in *McDonnal and McDonnal, supra.* In that case, we concluded that the wife had failed to show a substantial and unanticipated change in circumstances since the entry of the original judgment. 54 Or App at 302-03. The Supreme Court agreed that there was not a substantial change of circumstances. 293 Or at 776. Notwithstanding, the Supreme Court held that the trial court in that case could modify the judgment "so as to give effect to an agreement of the parties, incorporated into the decree, that an award of spousal support for a fixed period of time may be reviewed without the requirement of a showing of changed circumstances." 293 Or at 776. Thus, in *McDonnal,* the specific language of the decree, incorporating the written settlement agreement between the parties, authorized the modification court to review the question of spousal support without a showing of changed circumstances. In this case, there is no such language in the dissolution judgment. Therefore, even under *McDonnal,* the duty of wife in this case to show a substantial and unanticipated change of circumstances is clear. She has not done so.

On cross-appeal, wife argues that the modification court should have awarded her $400 monthly. Because of our resolution of husband's appeal, the issue is moot. Wife also argues that the court should have awarded her attorney fees. The decision whether to award attorney fees is within the sound discretion of the trial court. *Frishkoff and Frishkoff,* 45 Or App 1033, 1046, 610 P2d 831 (1980); *Wirthlin and Wirthlin,* 19 Or App 256, 259, 527 P2d 147 (1974). We find no abuse of discretion.

Reversed on appeal; affirmed on cross-appeal. No costs to either party.

---

been employed part-time at a day-care center for about eight years ending in 1981 netting, at most, $320 monthly. By contrast, in 1986 she was employed full-time in a day-care center. Her gross income in January, 1986, was $710. She testified that her current income was higher than at any time during the eleven years before the dissolution.