In the Matter of the Marriage of

## POLETTE,
*Respondent,*

*and*

## POLETTE,
*Appellant.*

(82-1313; CA A49153)

781 P2d 1253

Dale R. Koch, Portland, argued the cause for appellant. With him on the brief was Robin E. Pope, Portland.

Dave Gearing, Portland, argued the cause for respondent. With him on the brief were Jody L. Stahancyk, and Stahancyk & Associates, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

**DEITS, J.**

This is a proceeding for the modification of a judgment of dissolution. ORS 107.135(1)(a). Wife appeals from the order that dismissed her motion to increase the amount of her spousal support and to make it permanent. On *de novo* review, we reverse and remand.

The parties were married in 1964, and their marriage was dissolved in 1983, after they had lived separately for five years. Wife has experienced psychiatric problems since at least 1967. She was hospitalized at the Oregon Health Sciences University in 1979 and was treated a number of other times for psychiatric problems. Before the dissolution, in 1983, after a two-day stay in Dammasch State Hospital, she was diagnosed as having an adjustment disorder, a dependant personality and suffering from alcohol abuse. Although the record of the original dissolution proceeding is not part of the record here, it is unchallenged that evidence of her condition was presented at that time.

The trial court in the dissolution proceeding awarded wife spousal support of $750 a month for two years, $500 a month for two years and $300 a month for one year. The court found:

"At this time wife is not employable. However, based upon the evidence, I do not find that she is permanently unemployable."

The court explained its award:

"Now, there is no question in my mind that at this moment that the respondent is in such a mental state that she is not able to be self-sufficient and go out and produce for herself or even to engage at this moment in employment, but I do believe that — because I have seen it happen, you know — that people do change when the stressful situation gets over.

"So I am going to make a finding in this case — so we don't get locked into there being no possibility of any change — that although I would find at this time that she is unemployable and, therefore, is totally dependent upon her husband for support through spousal support, that I do believe from the evidence that — and knowing what programs do exist — that in a reasonable period of time — particularly from the passage of the judgment of dissolution being signed so she knows where she is and knows what her responsibilities are and that

everything is, in fact, over — that it should be for a limited period of time, and what I believe is appropriate in this case is a five-year period of time.

"Therefore, the judgment of dissolution that I will be eventually signing is going to provide for five years of spousal support, and this is the way it will be going: It will be $750 a month for the first two years, because I believe that within that period of time, she should be able to start getting on her own feet socially and economically; so $750 a month for two years, and then for another two-year period it will be $500 a month, and then for one year it will be $300 a month, and then it will terminate, and, of course, just so you people fully understand this — at any time while this order is still in effect, the law provides that the payor — who is the husband in this case — can move the Court to terminate it for a material change of circumstances, and the recipient — who is the wife in this case — can move either to increase it in amount or extend it in time, provided that there is a material change of circumstances."

The trial court also conditioned spousal support on wife's attendance at an alcohol abuse treatment program, unless she was excused by a doctor.

In 1987, before spousal support ended, wife filed a motion to modify the dissolution judgment to award her permanent support. She argues that there has been a change of circumstances, because her health has deteriorated or at least has failed to improve, as the trial court contemplated that it would. The trial court that heard the motion to modify held that wife did not prove a substantial change in circumstances and denied the motion. It held that the dissolution trial court had foreseen that wife may never be employable; therefore, there has not been a substantial change in circumstances.

A modification in an award of spousal support must be based on a substantial change of circumstances. ORS 107.135. A substantial deterioration in health may constitute changed circumstances, as could a failure to improve, if significant improvement was contemplated at the time of the original judgment. In *Barron and Barron,* 85 Or App 278, 282, 736 P2d 583 (1987), on which husband relies, there was no indication beyond the fact that the trial court awarded gradually decreasing support that it contemplated that the wife's health would improve and that she would become self-supporting. In

contrast, the trial court here specifically found that wife was not permanently unemployable and, in its oral explanation of the award, expressed the belief that within two years "she should be able to start getting on her own feet socially and economically."[1] We conclude that the trial court in the original dissolution proceeding contemplated that wife's health would improve and that she could become employable.

We also conclude that wife's condition did not improve. At the modification hearing, a number of mental health experts testified concerning her condition. Dr. Pollack, a psychiatrist who saw wife 17 times in 1986 and 1987, diagnosed her condition as a recurrent major depression with psychotic features and a dependant personality disorder. He testified that he thought that she was misdiagnosed in the 1983 Dammasch discharge summary that determined that she had an adjustment disorder, a lesser form of mental illness. He concluded that her condition was the same or a little worse than in 1983. Dr. Smith, a psychiatrist who evaluated wife in 1988, diagnosed her as being a "process" schizophrenic, which is a steadily deteriorating disorder, manifested by a progressively decreasing ability to cope and manage. In his opinion, she began to deteriorate in 1980 and, after a rapid decline, she plateaued in 1987. He believed that she was not employable, either at the time of the divorce or at the time of the modification hearing, and that she would never recover. Dr. Hamilton, another psychiatrist hired by husband to evaluate wife, diagnosed her as having a major depressive disorder and a dependent personality. It was his opinion that she had been largely non-functional since at least 1980, and possibly 1967. He agreed with the other doctors that she was misdiagnosed at Dammasch and that her prognosis was equally as poor in 1983 as it was at the the time of the modification hearing.

We hold that, although wife's condition may have been misdiagnosed at the time of the original dissolution proceeding, her condition has not improved; in fact, it appears to have deteriorated. Accordingly, because the award of support was based on the belief that she would improve, wife has

---

[1] An award of spousal support should be based on the circumstances at the time of the award. *Koch and Koch*, 58 Or App 252, 256, 648 P2d 406 (1982). Whether the original award complied with that principle was never reviewed, because neither party appealed the original judgment.

shown a substantial change in circumstances. The trial court did not take evidence on the parties' income and expenses and, therefore, it is necessary to remand for a determination of the amount and duration of support to be awarded.

Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to wife.