Argued and submitted January 28, reversed May 25, 1994

In the Matter of the Marriage of

Frank D. GRADY,
*Appellant,*
*and*

Karla K. GRADY,
*Respondent.*

(D860207; CA A79595)

875 P2d 1174

Thomas A. Bittner argued the cause for appellant. With him on the brief was Schulte, Anderson, DeFrancq, Downes & Carter, P.C.

John K. McIlhenny, Jr., argued the cause for respondent. With him on the brief was Sorensen-Jolink, Trubo, McIlhenny & Williams.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Husband appeals from a judgment that modified the parties' marital dissolution judgment and awarded indefinite spousal support to wife. We reverse.

The parties were married for 20 years. At the time of dissolution, husband was 41 years old and wife was 39. Wife was unemployed at that time, but had recently worked as an interior designer/decorator and anticipated that she would become re-employed fairly quickly. Husband, employed as a college instructor and also working part-time for a company in which he is the majority owner, received a net income of $2,200 per month. The original dissolution judgment awarded stepped-down spousal support for six years, beginning at $500 per month and ending at $300 per month.

Shortly after the dissolution, wife became employed full-time as an interior decorator, earning $14,000 per year. One year later, her earnings had increased to $22,000. Then, approximately two years after the dissolution, wife quit work due to stress. There was evidence that she suffered from post-traumatic stress syndrome. For two years, wife was not employed on a full-time basis.[1]

When she was again working full-time as an interior designer, wife initiated this proceeding to modify the dissolution judgment to extend support indefinitely. Five years had elapsed between the dissolution and the modification hearing. Wife now earns $18,000 per year plus commissions, mileage reimbursement and one-half of her medical insurance. Husband, now fully employed by his company, earns approximately $70,000 per year. The trial court granted wife's motion to modify spousal support and awarded her $300 per month indefinitely.

■     The threshold question is whether there has been a sufficient change in economic circumstances to justify any modification of the original spousal support award. The requisite change in circumstances must be "substantial," ORS 107.135(2)(a), and unanticipated at the time of the original

---

[1] During that time, wife received spousal support from husband, unanticipated rental income and approximately $1,500 per month for light office work.

judgment. *Johnson v. McKenzie*, 100 Or App 650, 653, 787 P2d 1306 (1990).

■■ Wife contends that the parties anticipated that she would be fully employed and would become financially independent during the six-year period between the divorce and the termination of spousal support. However, the record provides little, if any, support for that contention. Although wife answered "yes," when asked on direct examination whether *she* had "intend[ed] to be fully employed" throughout the relevant six-year period, she explained that at the time of the dissolution, she "didn't even know how to process [the] thought or [the] hope" that she would be financially independent. Based on wife's testimony, the trial court had no basis for finding that the parties anticipated at dissolution that wife's income would continue to increase. In any event, wife's income *has* increased. At the time of the dissolution, wife was unemployed; at the time of the modification, she was fully employed as an interior decorator.

On *de novo* review, we hold that the facts do not constitute a substantial change in circumstances. Although a significant deterioration in health may constitute changed circumstances, *Pollette and Pollette*, 99 Or App 327, 330, 781 P2d 1253 (1989), *rev den* 309 Or 291 (1990), the evidence shows that wife's stress condition has significantly improved and has not permanently impaired her ability to work. Wife now earns more than she did at the time of the dissolution. She is an experienced interior designer and has passed a licensing test to become a real estate agent. According to the testimony of her counselor, wife is "basically a healthy person," both physically and mentally. Her assets and full-time employment provide her with a standard of living reasonably commensurate with that enjoyed during the marriage. Further, husband's post-dissolution increase in income, without more, does not constitute a change in circumstances warranting an increase in spousal support. *Hill and Hill*, 31 Or App 41, 45, 569 P2d 686 (1977). In sum, wife has not carried her burden of proving that there has been a substantial change in circumstances that was not anticipated at the time of the dissolution.[2]

---

[2] Even assuming that wife's arguments regarding the amount and duration of spousal support might have benefitted her if she had appealed from the original

Husband also assigns error to the trial court's award of attorney fees and costs to wife. However, we find no abuse of discretion in that award.

Reversed. Costs to husband.

---

judgment, "a modification proceeding is not a substitute for an appeal." *Barron and Barron*, 85 Or App 278, 281 n 2, 736 P2d 583 (1987).