Argued and submitted May 17, 1993, affirmed May 25, 1994

In the Matter of the Marriage of

L. Patrick HEARN,
*Appellant,*

*and*

Mary M. HEARN,
*Respondent.*

(87C-30888; CA A75876)

875 P2d 508

Mark L.B. Wheeler argued the cause for appellant. With him on the brief was Gordon L. Dick.

Gilbert B. Feibleman argued the cause for respondent. With him on the brief was Aaron D. Felton, Certified Law Student.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Husband moved for modification of spousal support, requesting that the obligation be terminated or reduced. Wife agreed to a reduction of support, but not to its termination. The trial court agreed with wife. Husband appeals. On *de novo* review, ORS 19.125(3), we affirm.

The parties were married 17 years. At the time of the marriage, husband was an ambulance driver and wife was an employee in a law library. Husband had completed two years at a junior college, and wife had an Associate of Arts degree. Four years into the marriage, the parties adopted their first child, and wife quit working outside of the home. Three years later, the parties adopted their second child. During the course of the marriage, while wife cared for the children, husband completed both a bachelor's and a master's degree.

At the time of the dissolution, husband was 39 and wife was 40. Husband worked as a trial court administrator, earning a net income of $2,867 per month. Wife worked as a part-time school bus driver, earning a net income of $689 per month. In a stipulated judgment of dissolution, the trial court awarded wife custody of both children. The judgment also states that, although husband's position at trial was that wife was entitled to spousal support for only four years, he would be required to pay spousal support of $800 per month indefinitely. The trial court found that the award was justified by the length of the marriage, the disparity in income between the parties, and wife's absence from the job market in order to care for the children and support husband's completion of his education. The court also noted that wife contemplated completing her own education within six to eight years.

The trial court purported to retain jurisdiction over the matter of spousal support for approximately four years:

"(e) The purpose of the terms of the indefinite spousal support awarded, subject to the review conditions stated herein, is to continue the Court's jurisdiction over the issue of the duration, amount and permanency of spousal support by deferring a final decision for a period of no less than 45 months; and

"(f) The Court's determination of the final amount and duration of support shall be based upon the applicable law at

the time and the facts and circumstances then and there existing subject to the conditions, terms, facts and findings contained herein (i.e. such as the changes that have occurred to the parties' situation during the intervening period, subject to the findings and facts contained herein) * * *."

A year after the dissolution, one of the children began living with father. Two years after that, the other child moved out of wife's home and now attends college.

In the years following the dissolution, wife took only a few college classes. According to wife, her work and parental obligations did not allow her to take additional classes. She currently works as a secretary, earning a net income of $1,082 per month. Meanwhile, husband works as the executive director of a state agency and earns a net income of $2,848 a month.

In December, 1991, husband moved for modification of the spousal support award. He argued that spousal support should be either terminated or reduced, because wife failed to pursue her education and because husband now has custody of one of the children. Wife conceded some change in circumstances and agreed to a reduction in the amount of support to $500 per month. Nevertheless, she argued that that amount should continue indefinitely. The trial court accepted wife's stipulation as to the amount of support. As for the duration of support, it decided that the parties had agreed to indefinite support in the stipulated judgment of dissolution, and that conditions had not changed sufficiently to warrant a departure from that stipulation.

■    Husband first assigns error to the trial court's conclusion that the parties had agreed to indefinite support in the stipulated judgment. According to husband, the trial court's conclusion is at odds with his position, stated in the stipulated dissolution judgment, that wife should receive spousal support for four years, and with uncontradicted testimony that husband never felt that wife was entitled to indefinite support in any amount. Husband's argument makes no sense. It is directly contradicted by the language in the stipulated judgment that husband is required to pay $800 per month "for an indefinite period." If that language does not mean what it says, it is difficult to understand what husband wanted to

accomplish in moving to modify the amount and duration of the award.

Husband next assigns error to the trial court's decision not to terminate or reduce his spousal support obligation. He argues that the current circumstances are different from those existing at the time of the judgment, and that, in the light of the current circumstances, spousal support should be either terminated or reduced below the $500 per month that the trial court ordered. In asserting that spousal support should be terminated or reduced, husband emphasizes that wife apparently does not intend to pursue her education, that he has custody of the younger child, that the other child is no longer living with wife, and that wife's income has increased significantly in the last several years, while his has not.

Wife argues that current circumstances warrant only a reduction in the amount of support to the $500 per month that the trial court ordered. According to wife, indefinite support still is appropriate, because of the significant disparity in earnings and earning potential between the parties, because that disparity was occasioned by her extended absence from the work place to put husband through school, because of her poor health and because she has not, in fact, decided to forego pursuing her education.

At the outset, we must address the standard that we apply in determining the extent to which a modification of spousal support may be appropriate. Ordinarily, a party who moves for modification of support must demonstrate that there has been a substantial change of circumstances that was not anticipated when the previous judgment was entered. ORS 107.135(2); *Grage and Grage*, 109 Or App 311, 314-15, 819 P2d 322 (1991). Husband asserts that the substantial change of circumstances threshold does not apply in this case, because the stipulated dissolution judgment incorporated the parties' agreement that the court would retain jurisdiction for at least 45 months, when it would consider the amount and duration of support anew, on the basis of the circumstances that exist at the time. In her brief, wife does not directly dispute husband's reading of the judgment. She simply argues that the circumstances have not changed

enough to warrant a larger reduction in the support obligation than the amount to which she agreed. At oral argument, however, wife asserted that husband had failed to demonstrate the substantial change in circumstances that is a prerequisite to reconsideration of the amount or duration of spousal support.

In *McDonnal and McDonnal*, 293 Or 772, 652 P2d 1247 (1982), the Supreme Court confronted a dissolution judgment incorporating a stipulation of the parties that awarded spousal support for a three-year period and, after that time, allowed the trial court to review the amount and duration of the award. The court held that, to the extent the parties intended the stipulation to allow the trial court to review spousal support without a showing of changed circumstances, the stipulation is entirely enforceable. 293 Or at 786. The court observed that the dissolution statute, ORS 107.105(1), expressly allows the court to "approve, ratify and decree" settlement agreements voluntarily entered into:

> "A court is not required to accept an agreement between the parties. It may, upon consideration, reject an agreement as unfair to one or the other of the parties. However, agreements made in anticipation of a dissolution are generally enforceable and accepted by the court when they are equitable given the circumstances of the case." 293 Or at 778. (Citations and footnote omitted.)

The court held that, "short of a conflict with the statutory powers of the court," it is the responsibility of the trial court

> "to discover and give effect to the intent of the parties as reflected in the incorporated settlement agreement." 293 Or at 779.

The court did not explain what constitutes a "conflict with the statutory powers of the court." It did note that, in that particular case, although the statute ordinarily required the court to evaluate the amount and duration of spousal support awards, when the parties stipulated to an award, the statutory analysis was not required. 293 Or at 778. By way of contrast, the court observed that a stipulation that deprives a court of its authority to modify an award even when changed circumstances would require such a modification should not be approved. 293 Or at 779.

In *Pope and Pope*, 73 Or App 242, 698 P2d 518 (1985), *aff'd*, 301 Or 42, 718 P2d 735 (1986), we similarly held that, when the husband had agreed to pay spousal support for a period of years, even if the wife were to remarry, the general rule that remarriage may provide grounds for termination of the award will not apply. Citing *McDonnal and McDonnal, supra*, we said:

> "Although it is clear that the terms of an incorporated property settlement agreement cannot deprive a court of its authority under ORS 107.135(1)(a) and (2) to set aside, alter or modify any obligation deemed to be support, that authority must be balanced against the strong public policy of enforcing such agreements and provisions * * *." *Pope and Pope, supra*, 73 Or App at 248. (Citations omitted.)

More recently, in *Porter and Porter*, 100 Or App 401, 786 P2d 740, *rev den* 310 Or 281 (1990), we upheld the validity of a similar stipulation. In that case, the parties had agreed that the husband would pay a nominal amount of spousal support indefinitely, and that the amount and duration of support remained subject to further order of the court. Relying on *Pope and Pope, supra*, we commented that

> "[c]ourts should enforce, not disturb, negotiated settlement agreements, unless there is an overriding public policy reason for not doing so." *Porter and Porter, supra*, 100 Or App at 404.

Finding no overriding public policy to the contrary, we held that the stipulation was enforceable. In a dissenting opinion, Judge Edmonds argued that a contrary public policy could be found in the statutory requirement that spousal support awards be based on conditions existing at the time of the award. 100 Or App at 407-08. A majority of the court declined to regard the existence of that statutory requirement as inconsistent with the stipulation.

■■ We find no principled basis on which to distinguish the foregoing authorities. They instruct that negotiated agreements as to the amount and duration of spousal support should be enforced, unless they deprive the court of its statutory authority or contravene some other overriding public policy. In this case, the parties unambiguously intended that the trial court retain the authority to modify spousal support without either of the parties being required

to demonstrate a substantial change in circumstances. That bargained-for stipulation does not deprive the court of any statutory authority; nor does it contravene any overriding public policy of which we are aware. Accordingly, we find the parties' agreement enforceable. We turn then to the question whether the facts, as they existed at the time of the modification motion, warrant a reduction in the amount or duration of support below what the trial court awarded.

Following a careful review of the record, we conclude that the current circumstances do not justify either a change in the duration of the support award or in the amount of the award to which wife agreed. There remains a significant disparity in the earnings and earning potential between the parties. Husband earns nearly three times what wife earns, and there is no evidence that that will ever change. It is certainly true that, by itself, a disparity in earnings or earning potential may not justify awarding support for an indefinite duration. *Christensen and Christensen*, 123 Or App 412, 417, 859 P2d 1192 (1993). However, the evidence is undisputed that the disparity was occasioned by wife's 14-year absence from the work force, taken in order to raise children and to enable husband to pursue his education and obtain an advantageous economic position. Under those circumstances, an award of indefinite duration is appropriate. ORS 107.105(1)(d)(F); *Goff and Goff*, 109 Or App 447, 449, 820 P2d 33 (1991).

Husband's argument that wife needs no further support because she has declined to attend school is unavailing. The stipulated dissolution judgment expressly contemplates that wife will take between six and eight years to pursue her education. That she has not done so after four years is not determinative.

Husband's argument that the award should be terminated or reduced because he now cares for the younger child is equally unavailing. The expenses of raising children are a factor that may be considered in calculating a spousal support award. ORS 107.105(1)(d)(G). However, the record before us contains no evidence that the additional expenses husband voluntarily assumed are so burdensome as to justify a reduction in the amount or duration of the support award in this case.

Affirmed. Costs to wife.