Argued and submitted November 20, 1995, remanded in part; otherwise affirmed
May 1, 1996

In the Matter of the Marriage of

Michael Bert EIDLIN,
*Appellant,*

*and*

Marsha Lynne EIDLIN,
*Respondent.*

(C922705DR; CA A85652)

916 P2d 338

John K. McIlhenny, Jr. argued the cause for appellant. With him on the brief was Sorensen-Jolink, Trubo, McIlhenny & Williams.

Helen C. Dillon argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

RIGGS, P. J.

Husband appeals from a post-dissolution judgment that increased the amount of his spousal support obligation to wife and increased its duration from five years to an indefinite period. We modify the judgment to decrease the duration of that obligation to seven years and otherwise affirm.

On September 2, 1993, when their stipulated judgment of marital dissolution was entered, the parties were both 47 years old and had been married for 21 years. They have three children who were then ages 19, 16 and 13. The parties agreed to joint custody of the two younger children, who reside primarily with wife. The oldest child attends college and has intermittently resided with each parent, but for purposes of child support calculations the parties stipulated that he lives with husband.

Wife is a speech therapist employed in a permanent full-time position with the Beaverton school district. Husband is a mining engineer and, since 1992, an attorney. Before their separation, the parties and their children lived in a large, six-bedroom, three-bath home located on approximately one-quarter acre in southwest Portland. Having accumulated substantial assets and few debts, they enjoyed a comfortable standard of living. Wife continues to live in the family home.

Under the terms of the stipulated judgment of dissolution, each party paid one-half of the oldest child's college expenses and husband paid $575 per month as child support for the younger children, based on the child support guidelines. At the time the judgment was entered, wife's gross monthly salary was $2,534. Husband had recently graduated from law school and was working for Tri-Met as a Project Manager on a temporary, four-month contract with a gross monthly salary of $5,160.[1] That contract was set to expire within a few weeks of the stipulated agreement, and husband had not yet secured future employment.

---

[1] Husband's income at that time was based on a $30 per hour wage, which he testified was above the normal salary for that position because the temporary contract provided no fringe benefits.

The parties agreed that husband would pay wife $100 per month as spousal support, for a period of five years. They also stipulated that

> "[husband] has recently obtained temporary employment. The amount and duration of [husband's] spousal support obligation to [wife] is subject to modification *if [husband] obtains apparently 'permanent' employment that would have supported a different award* of spousal support had he been so employed at the time of entry of this Judgment of Dissolution. *Such employment shall constitute a substantial change of circumstances* unanticipated at the time of the entry of this judgment sufficient to form the basis of a modification of spousal support."

After the stipulated judgment was entered, husband was hired to work as a permanent Project Manager for Tri-Met, with a monthly salary of $4,289.

In January 1994, husband filed a motion to modify the judgment to decrease his child support obligation in the light of his reduced income. Wife then moved to increase the amount and duration of spousal support paid by husband. The motions were consolidated and heard in June and July. The trial court concluded that there had been a substantial change in the parties' circumstances. After finding that husband's gross monthly income is now $4,289 and wife's gross monthly income is now $2,699, the court awarded wife indefinite spousal support in the sum of $500 per month, to begin on August 1, 1994.[2]

Husband assigns error to the trial court's conclusions that a substantial change in circumstances has occurred and that wife is entitled to support that is increased in both amount and duration. He contends that, because his monthly salary has decreased $871 per month—from $5,160 to $4,289—and wife's has increased $165 per month—from $2,534 to $2,699—there is no basis for increasing his support obligation to wife.

---

[2] The court also reduced husband's child support obligation from $575 to $346 per month, based on a split-custody calculation. That aspect of the modification is not challenged on appeal.

■　　　Husband's first argument is that we should reject the modification or "future review" provision that is contained in the stipulated dissolution judgment, because it obviates the statutory change of circumstances rule, ORS 107.135.[3] As noted above, the parties stipulated that a change in circumstances justifying a modification of wife's spousal support award will be deemed to have occurred if (1) husband obtains apparently permanent employment; and (2) that employment would have supported a different award, had husband been so employed at the time of the original judgment. We understand husband's argument to be that that stipulation establishes a less onerous standard for modification than does the statute's "change in economic circumstances" requirement.

■　　　Even assuming, that the parties' stipulation provides a more permissive basis for seeking modification than does the statute, that alone does not require that the stipulation be disregarded. "[A]greements made in anticipation of a dissolution are generally enforceable and accepted by the court when they are equitable given the circumstances of the case." *McDonnal and McDonnal*, 293 Or 772, 778, 652 P2d 1247 (1982); *see also Porter and Porter*, 100 Or App 401, 404, 786 P2d 740, *rev den* 310 Or 281 (1990) ("Courts should enforce, not disturb, negotiated settlement agreements, unless there is an overriding public policy reason for not doing so."). By incorporating stipulations into a judgment of dissolution, a court may approve and ratify parties' voluntary agreements as to spousal support, so long as the agreements are not unfair to either party, *McDonnal*, 293 Or at 778, and do not deprive a court of its "authority to modify an award even when changed circumstances would require such a modification[.]" *Hearn and Hearn*, 128 Or App 259, 264, 875 P2d 508 (1994) (citing *McDonnal*); *see also Barron and Barron*, 85 Or App 278, 283, 736 P2d 583 (1987) (written settlement agreement, incorporated into dissolution judgment, can authorize

---

[3] "A *substantial change in economic circumstances* of a party * * * is sufficient for the court to reconsider its order of support[.]" ORS 107.135(2)(a) (emphasis supplied). Case law has imposed the additional requirement that the substantial change was *unanticipated* at the time the last relevant judgment was entered. *McDonnal and McDonnal*, 293 Or 772, 783, 652 P2d 1247 (1982); *Grady and Grady*, 128 Or App 114, 116-17, 875 P2d 1174, *rev dismissed* 319 Or 626 (1994).

modification court to review the question of spousal support *without* a showing of changed circumstances). In sum, in the absence of adverse public policy considerations, parties can make it easier to obtain a modification by agreeing to additional grounds therefor, but their stipulations cannot remove the court's authority to modify a spousal support award on the bases that are articulated in ORS 107.135. Although a court is not *required* to accept parties' stipulated agreements as to what will constitute a change of circumstances, *McDonnal*, 293 Or at 778, the trial court's decision to do so here was proper because the agreement is neither unfair nor does it "conflict with the statutory powers of the court." *Id.* at 779. It merely ensures that a specific type of change in husband's employment will be an adequate basis for seeking a modification of wife's spousal support award. The court did not err in giving effect to "the intent of the parties as reflected in [their] incorporated settlement agreement." *Id.* Accordingly, we turn to husband's argument that the second of the two requirements contained in that agreement was not met.

■■   Husband contends that his new job is not employment that "would have supported a different award of spousal support," had he been so employed at the time of the parties' divorce. He asserts, therefore, that under the terms of the parties' stipulated agreement there has not been a substantial change in circumstances sufficient to justify a modification. That position, however, is self-defeating. Husband claims that, for purposes of securing a modified child support award, *he* amply demonstrated that the requisite change of circumstances occurred as a result of his reduced income, yet he argues that *wife* "did not demonstrate any change in circumstances other than Husband's obtaining permanent employment." Husband cannot have it both ways. We accept his concession that he bears the burden of proving that a substantial change in circumstances has occurred since entry of the dissolution judgment and that he successfully carried that burden in his motion to modify. But the facts that established the requisite change of circumstances for husband's motion served wife equally well. *See* ORS 107.135(2), (3) (identical provisions are applicable in reconsideration of both spousal and child support). Wife was not obligated to prove different, additional facts in order to carry the burden on her

motion to modify the judgment. The dispositive fact—that husband has obtained a high-paying, permanent job with benefits, albeit at a lower monthly salary than the temporary job he held at the time of dissolution—served as an adequate basis for the trial court's conclusion that there had been a change in circumstances justifying a re-examination of both the child support and spousal support awards.

██ Next, husband argues that the modified spousal support award of $500 per month for an indefinite period is "not equitable or just." Although he does not actually contend that the $500 amount is so sizeable as to be unreasonable, and we expressly find that it is not, ORS 107.105(1)(d)(A), (D), (K), (M), husband argues that the original, $100 award was "based on" his then-monthly salary of $5,160 and, therefore, a higher award cannot flow from his current, smaller salary.[4] Husband's position is untenable in the light of the parties' testimony that they anticipated that husband's substantial salary at the time of the dissolution would drop to zero within a few weeks, unless he found another job. He had unsuccessfully searched for an engineering job and had been unable to find employment in the legal field on other than a temporary basis. We are persuaded that the small size of the original award was "based on" husband's uncertain job future, not his $5,160 monthly salary. Having considered the parties' assets, incomes and expenses on *de novo* review, we affirm the trial court's conclusion that husband's permanent job, with benefits and a $4,289 monthly salary, is employment that would have supported a $500 monthly award of spousal support, had husband been so employed at the time of the original, stipulated dissolution judgment.[5]

---

[4] Husband also argues, in the alternative, that we should look with disfavor upon the original $100 award of spousal support, because it was a nominal amount designed to "hold the door open" for increased support. However, we will uphold a fair support award—even a token one—that is the product of the parties' own negotiations. *Porter*, 100 Or App at 403, 404.

[5] Husband also argues that the trial court was required, but failed, to consider all of the factors listed in ORS 107.105(1)(d) in determining the amount of husband's spousal support obligation. To the contrary, the record shows that the trial court considered those factors and found that subsections (A), (B), (C), (D), (F) and (K) had the greatest relevance to this case and provided a basis for the modified award that the court entered. The court was not obligated to list each factor and explain why certain ones were *not* applicable to this case.

■       Finally, we turn to the question of whether wife is entitled to indefinite spousal support. The duration of her support award is to be "for such period of time as it may be just and equitable for [husband] to contribute[.]" ORS 107.105(1)(d). In making that determination, we consider the factors articulated in ORS 107.105(1)(d)(A)-(M). Several of those factors weigh in favor of an award of indefinite support in this case, particularly the length of the parties' marriage, wife's lower earning capacity, her extended absence from the job market while the children were young, and the parties' affluent standard of living during the marriage. ORS 107.105(1)(d)(A), (D), (F), (K).

However, the greater weight tilts in favor of a limited-duration support award. Wife is relatively young and is in good health. ORS 107.105(1)(d)(B). She has a masters' degree, a substantial employment history since 1987, a full-time tenured job as a professional, and vested retirement benefits. ORS 107.105(1)(d)(D), (E), (M). In the dissolution proceeding, she was awarded $180,000 worth of marital assets, including the family home which after refinancing has a mortgage payment of $590 per month. ORS 107.105(1)(d)(H). At trial, wife acknowledged that her present income allows her to pay all of her basic expenses but testified that she has been forced to liquidate assets in order to pay for numerous out-of-the-ordinary expenses that reflect the lifestyle the family enjoyed during the marriage. It is on the basis of the "gap" between her salaried income and those extra expenses that wife seeks indefinite spousal support.

■       The record shows that during the marriage, the parties were essentially free of debt, had significant savings, enjoyed a very comfortable lifestyle and provided their children with opportunities to participate in summer camps, private music lessons and sports teams. Now, both husband and wife find it necessary to deplete their assets in order to maintain approximately that lifestyle. Wife's appellate brief sums up her situation: "The only way wife can now afford extras for the children is to take money from her IRA." Of course, that alone is not a basis for an award of indefinite spousal support.

Were it not for wife's significant lifestyle expenditures, which include numerous "extras" for the children, we

would find that wife is presently self-supporting at a "standard of living not overly disproportionate to that enjoyed during the marriage to the extent that is possible." ORS 107.105(1)(d)(E), (M). However, giving due consideration to all of the factors discussed above and both parties' respective financial obligations, and taking into account the maturation of the children and a presumed decrease in the necessity for many of wife's expenses, such as the childrens' ski team, tutoring, soccer camp and gifts—all of which were unchallenged by husband[6]—we conclude that it is just and equitable for wife to receive spousal support for a period of seven years from the entry of the modified judgment of dissolution. Accordingly, we modify the spousal support award to terminate seven years from that date.

Remanded for entry of modified judgment awarding wife spousal support of $500 per month for seven years, commencing August 1, 1994; otherwise affirmed. Costs, not including attorney fees, to husband.

---

[6] The parties do not discuss the relationship between child and spousal support, wife did not request a departure from the presumptively correct child support guidelines, and husband does not argue that wife's expenditures were anything other than for the maintenance of the family's lifestyle. We treat wife's expenses accordingly.