Argued and submitted December 23, 1996, reversed and remanded
September 10, 1997

In the Matter of the Marriage of

Leslie WATSON,
*Respondent,*

*and*

Robert P. WATSON,
*Appellant.*

(93DR0106; CA A91904)

945 P2d 522

Frank C. Rote, III, argued the cause for appellant. With him on the brief was Brown, Hughes, Bird, Lane & Rote.

Lynn M. Myrick argued the cause for respondent. With him on the brief were Holly A. Preslar and Myrick, Seagraves, Adams, Davis & Preslar.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Husband moved for a modification of his child support obligation when one of his children reached the age of 21. The trial court denied the motion on the ground that the original dissolution judgment contains a stipulation that obligates husband to pay "family support" that, although containing a portion expressly allocated to "child support," continues even after the children obtain the age of majority. We conclude that the trial court erred in its construction of the original dissolution judgment and accordingly reverse and remand for entry of a judgment modifying the child support award.

At the time of the dissolution, the parties had two minor children, Megan and Kate, ages 17 and 19, respectively. They also owned a family residence. The parties entered into a stipulated "Property, Custody and Support Agreement" (Agreement), which was incorporated into, and made a part of, the dissolution judgment. That judgment, entered February 11, 1994, awarded joint custody of the children. It further awarded the family residence to the parties as tenants in common, but provided that wife would continue to live in the home until a sale and division of the proceeds took place. The judgment continued with the following pertinent provisions, which identified wife as "petitioner" and husband as "respondent":

> "3. Respondent shall contribute to Petitioner the sum of One Thousand Thirty-Eight Dollars ($1,038.00) per month as and for the support of the said minor children of the parties beginning on the 10th day of March, 1994 and upon the same day of each consecutive month thereafter *during the minority of said children* or until said children are emancipated and thereafter so long as said children are children regularly attending school pursuant to ORS 107.108(4), and judgment shall be entered against Respondent in said amount as herein provided. The parties have agreed to apply an exception to wage withholding and said child support shall be paid by Respondent directly to Petitioner pursuant to the Property, Custody and Support Agreement appended hereto;

"4. Respondent shall pay unto Petitioner for her support and maintenance, the sum of One Thousand Nine Hundred ($1,900.00) per month pursuant to the Property, Custody and Support Agreement appended hereto; however, until sale of the real property hereinafter described, spousal support and child support shall be paid as set forth in the appended Property, Custody and Support Agreement[.]

"* * * * *

"7. The Property, Custody and Support Agreement entered into by and between the parties is hereby ratified and confirmed and the parties shall comply therewith. A copy of said agreement is attached to and incorporated into this judgment as a part thereof as th[ ]ough its contents were fully set forth herein[.]

"* * * * *

"11. SUMMARY OF MONEY JUDGMENT PER ORCP 70A.

"* * * * *

"Judgment is also awarded to Petitioner and against Respondent for the support of the minor children of the parties in the sum of $1,038.00 per month beginning on the 10th day of March and upon the same day of each consecutive month thereafter *during the minority of said children* or until said children are emancipated and thereafter so long as said children are children regularly attending school pursuant to ORS 107.108(4), and judgment shall be entered against in said amount as herein provided pursuant to the terms of the Property, Custody and Support Agreement of the parties appended hereto subject, however, to the interim payments as set forth therein."

(Emphasis supplied.) The pertinent portions of the Agreement are:

"2. CHILD SUPPORT:

"Based upon the amount of spousal support paid by Husband to Wife as hereinafter provided, the child support for the two minor children is calculated at the present time in the sum of One Thousand Thirty-Eight Dollars ($1,038.00) per month which Husband shall contribute for the support of the said minor children of the parties. Said

payments shall be due and payable commencing on the 10th day of the month while said children are primarily residing with Wife and *during their minority* or until otherwise legally emancipated or, if regularly attending school pursuant to ORS 107.108(4), until age 21. *At such time as the oldest child, Kate, reaches the age of 21 or in the event that she is no longer regularly attending school, the child support for the remaining child, Megan, shall be recalculated pursuant to the Uniform Child Support Guidelines.*

"* * * * *

"3. INTERIM FAMILY SUPPORT:

"The parties agree that until the residence of the parties * * * is sold and the proceeds divided, that Husband shall pay to Wife the sum of Eight Hundred Dollars ($800.00) commencing on the 10th day of March, 1994, together with payment of the following monthly bills [describing monthly bills totaling $1,140] * * *. Should the actual expenditure be less than the amount hereinafter designated, then Husband shall be responsible for paying the actual obligation. If the expenditure is more than hereinabove indicated, then Wife shall be responsible for payment of the difference. The interim support for the family shall not exceed the sum of Twenty-Nine Hundred Seventy-Eight Dollars ($2,978.00), *of which One Thousand Thirty-Eight Dollars ($1,038.00) is allocated to child support* and the remaining balance to spousal support. Payment of the interim support shall not be in addition to the designated child and spousal support herein set forth * * *, but shall be made in lieu of, or instead of, the specified amounts until the house is sold. Payment of the specified sums, to-wit: $1,900 spousal support *and $1,038.00 child support* as herein set forth shall begin on the tenth of the month following the closing of the sale of the residence * * *.

"The child support work sheet upon which the support requirements are premised is attached hereto as exhibit 'A.' "

(Emphasis supplied.) Exhibit A consists of a support computation worksheet taken from the Uniform Child Support Guidelines published by the Support Enforcement Division of the Department of Justice.

Following the entry of the dissolution judgment, wife continued to live in the family residence. Husband paid the

"family support," consisting of $1,038 in child support and $1,940 in spousal support. Wife did not sell the home. Meanwhile, the oldest child, Kate, turned 21.

Pursuant to paragraph 3 of the dissolution judgment and paragraph 2 of the Agreement, husband moved for a modification of his child support payment to reflect the fact that Kate was no longer entitled to support under ORS 107.108(4). Wife opposed the modification on the ground that there is no "child support" to modify. According to wife, the Agreement provides for payment of "interim family support" *in lieu of* child support and spousal support until the house is sold, and, because the house has not been sold, the support obligation cannot be modified. Husband argued that only property settlements are beyond the power of the courts to modify and that the agreement in this case expressly denominated the payments as child and spousal support. Consequently, he argued, they cannot be beyond the power of the court to modify. In any event, husband contended, the Agreement itself plainly provides for modification of support when Kate reaches the age of 21. The trial court agreed with wife and held that the interim family support obligation continues until the house is sold and may not be modified before that time.

On appeal, husband argues that the trial court erred in failing to modify the child support award. According to husband, the judgment—which includes the Agreement—plainly characterizes a portion of his obligations to pay wife as child support, and child support always is subject to the authority of the court to modify on a showing of a change in circumstances: "As a portion of the interim family support is allocated to and characterized as child support it may be modified as any child support may be." In this case, he contends, the change of circumstances is the fact that one of the children has reached the age of 21 and is no longer entitled to child support pursuant to ORS 107.108(4). Wife contends that the Agreement unambiguously provides that interim family support payments are to continue until the house is sold and that child support payments do not begin until that occurs.[1] According to wife, such agreements "are generally

---

[1] Wife concedes that, because Kate has turned 21, "husband's child support provision could be modified." She nevertheless contends that such modification

enforceable" by the courts, in the absence of inequities that do not exist in this case. Therefore, she argues, because the house has not been sold, under the terms of the Agreement, the family support payments may not be modified.

 Dissolution agreements are generally enforceable and accepted by the courts when they are equitable, given the circumstances of the case. *Eidlin and Eidlin*, 140 Or App 479, 483, 916 P2d 338 (1996) (quoting *McDonnal and McDonnal*, 293 Or 772, 778, 652 P2d 1247 (1982)). The courts are encouraged to accept them "unless there is an overriding public policy reason for not doing so." *Porter and Porter*, 100 Or App 401, 404, 786 P2d 740, *rev den* 310 Or 281 (1990). Such agreements may not, however, deprive a court of its authority to modify a support award that otherwise would be subject to a modification due to a substantial change in circumstances. *Eidlin*, 140 Or App at 483 (quoting *Hearn and Hearn*, 128 Or App 259, 264, 875 P2d 508 (1994)). In construing the terms of a dissolution settlement agreement, we apply basic principles of contract interpretation. *Moon v. Moon*, 140 Or App 402, 407, 914 P2d 1133, *rev den* 323 Or 484 (1996). In so doing, we examine such an agreement in its entirety, giving meaning to all terms and striving to avoid inconsistencies in the interpretation of its terms. *Standley v. Standley*, 90 Or App 552, 556, 752 P2d 1284, *rev den* 306 Or 413 (1988).

Examination of the terms of the judgment and the Agreement in this case reveals that wife is incorrect in asserting that the obligation to pay child support does not commence until the parties' residence is sold. Paragraph 3 of the dissolution judgment plainly states that husband's obligation to pay $1,038 in child support "begins" on the 10th day of March 1994, not upon the sale of the house. Paragraph 11, containing the judgment summary, similarly recites that judgment is awarded to wife "for support of the minor children of the parties * * * beginning on the 10th day of March, 1994 * * *."

Wife's argument that the Agreement requires husband to make nonmodifiable interim support payments "in

---

"would have no [e]ffect on the 'interim family support' which is outlined in the Agreement and incorporated in the Decree," because, until the house has been sold, husband's obligation to pay child support has not yet commenced.

lieu of" child and spousal support until the house has been sold is untenable. First, it is based on the construction of a phrase deprived of its context. Wife's reading, in fact, conflicts with the express terms of the judgment, calling for the payment of child support immediately, not after the sale of the home. Second, paragraph 2, read in its entirety, clearly characterizes the interim family support payments as consisting of three components: (1) child support; (2) spousal support; and (3) additional housing expenditures. Indeed, paragraph 2 expressly declares that $1,038 of the interim support payments "is allocated to child support" and further incorporates a work sheet from the Uniform Child Support Guidelines explaining how that figure was derived. Third, to read the Agreement as wife suggests would render it unenforceable as a matter of law. As we have noted, although settlement agreements are encouraged, they may not deprive courts of the authority to modify a support award that otherwise would be subject to the court's statutory authority to modify. *Eidlin*, 140 Or App at 483; *Hearn*, 128 Or App at 264. Examination of the Agreement as a whole shows that the parties, in fact, did not intend it to have such an unlawful effect. The judgment and the Agreement both repeatedly refer to the obligation to pay child support as continuing only until the children reach the age of majority or, if they regularly attend school, until they are 21, in accordance with ORS 107.108(4). Indeed, paragraph 2 of the Agreement expressly provides that child support "shall be recalculated pursuant to the Uniform Child Support Guidelines" at such time as "the oldest child, Kate, reaches the age of 21."[2]

---

[2] Wife's reading of the Agreement suggests that it would be unlawful in another respect, as well. In essence, she contends that, until the house has been sold, husband's obligation to pay child support is zero, even when two minor children reside with mother. That would constitute a substantial departure from the amount that is presumed correct under the Uniform Child Support Guidelines, which departure is unlawful in the absence of an explicit finding on the record that the amount that is presumed correct under the guidelines is unjust and inappropriate. ORS 25.280 (the amount of child support determined by the [guidelines] formula must be presumed to be the correct amount unless rebutted by a specific finding on the record that the application of the formula would be unjust or inappropriate); *Petersen and Petersen*, 132 Or App 190, 195, 888 P2d 23 (1994) (quoting statute); *Rossi and Rossi*, 128 Or App 536, 543, 876 P2d 820 (1994) (same). Wife concedes that the court in the original dissolution made no such finding.

We conclude that the dissolution judgment and the Agreement that it incorporates do not preclude the modification of child support.

Reversed and remanded. Costs to husband.