**David REMPEL, M.D., M.P.H.,**
**Plaintiff—Appellant,**

v.

**UNITED PARCEL SERVICE GENER-**
**AL SERVICE CO., a Delaware corpo-**
**ration; et al., Defendants—Appellees.**

No. 01–36124.

D.C. No. CV–01–00142–HA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided March 12, 2004.

Mark C. Rutzick, Esq., Portland, OR, Corrie J. Yackulic, Esq., Schroeter Goldmark & Bender, Seattle, WA, for Plaintiff–Appellant.

Stephen M. Feldman, Esq., Austin W. Crowe, Jr., Esq., Perkins Coie, LLP, Portland, OR, for Defendants–Appellees.

Before ALARCON, FERGUSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Appellant David Rempel, M.D., M.P.H. ("Rempel"), challenges the district court's granting of summary judgment in favor of Appellees.

The disputed provision of the confidentiality agreement provides in pertinent part:

> Use of Confidential Information.... Claimants shall not use any Confidential Information, nor disclose or publish such Confidential Information for any purpose whatsoever. Results of the inspection [of DIADs or DVAs] by claimants shall not be disclosed for any purposes other than product liability litigation involving DIAD or DVA brought by package car drivers.

In determining whether or not a contract is ambiguous under Oregon law, we must consider the contract in its entirety, giving effect to each provision. *See In re Watson,* 149 Or.App. 598, 604, 945 P.2d 522 (1997). No interpretation should be adopted that renders any provision of the contract superfluous. *See Guthrie v. State*

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Farm Mut. Auto. Ins. Co.*, 269 Or. 14, 21–22, 522 P.2d 896 (1974) (rejecting contract construction that rendered a provision superfluous).

The interpretation advanced by Rempel, that this provision prohibited disclosure of only confidential information, and not the publicly disclosed inspection results, renders the final sentence of the provision superfluous in contravention of Oregon law. *See id.; see also In re Watson*, 149 Or.App. at 604, 945 P.2d 522. If the parties intended the disclosure provision to cover only confidential information, there would have been no need to include the last sentence addressing the disclosure of the inspection results, which both parties acknowledge are nonconfidential.[1]

Properly interpreted, the confidentiality agreement was not ambiguous. It expressly prohibited disclosure of confidential information for any purpose, and expressly prohibited disclosure of the nonconfidential inspection results for any purpose other than product liability litigation.

Because we cannot adopt Rempel's interpretation of the confidentiality agreement without running afoul of Oregon law, we AFFIRM the district court's ruling that the confidentiality agreement prohibited disclosure of the inspection results, except in the context of the product liability litigation.

AFFIRMED.

FERGUSON, Circuit Judge, dissenting.

FERGUSON, Circuit Judge.

I respectfully dissent because this case is inappropriate for summary judgment. The meaning of the disputed contract term should be decided at trial.

*Yogman v. Parrott*, 325 Or. 358, 937 P.2d 1019 (1997), outlines the analytical steps courts must take to interpret disputed contract provisions. The first step is an examination of the document on its face. *Id.* at 1021. If the terms of the contract are clear and unambiguous, a court's analysis ends and summary judgment is appropriate. *Id.*

A contract is ambiguous under Oregon law when the provision at issue "is capable of more than one sensible and reasonable interpretation." *Deerfield Commodities v. Nerco, Inc.*, 72 Or.App. 305, 696 P.2d 1096, 1104–05 (1985). Dr. Rempel suggests that the agreement at issue in this case prohibited public disclosure of only confidential information; UPS proposes that the contract prohibited disclosure of all data resulting from inspection of UPS's devices, regardless of whether the information derived was confidential. I cannot say that either of these is an unreasonable interpretation of the terms of the agreement.

The majority suggests that Dr. Rempel's interpretation renders the final sentence of the disputed provision superfluous. However, Dr. Rempel contends that the final sentence was added to ensure that any confidential information acquired by the plaintiffs could be used in future litigation. Under this interpretation, the final sentence is necessary because the first sentence apparently prohibits all use of confidential information, even in the course of litigation.[1]

---

1. The dissent notes that UPS "maintained that the results of Dr. Rempel's study were confidential." However, the record reflects that UPS carefully distinguished between confidential information and the inspection results. *See, e.g.,* Defendants–Appellees' An-

swering Brief at 14 (referring to "both Confidential Information *and* the results of 'any DIAD inspection") (emphasis in the original).

1. It should also be noted that UPS has consistently maintained that the results of Dr. Rem-

Because both UPS's and Dr. Rempel's constructions of the agreement are reasonable, the contract on its face is ambiguous. Consequently, the second step of analysis described in *Yogman*, an examination of extrinsic evidence regarding the intent of the drafting parties, must be performed. 937 P.2d at 1022. This evaluation is a question of fact, *Deerfield Commodities*, 696 P.2d at 1104, that remains to be tried. Accordingly, I dissent from the majority decision to affirm the grant of summary judgment.

pel's study were confidential and has never (as the majority mistakenly states) acknowledged that the inspection results were nonconfidential. Section A.3. of UPS's brief, for example, covers the topic "The Study Contains Confidential Information." Defendant–Appellees' Answering Brief at 22–26.