Argued and submitted March 18, 2008, reversed and remanded for reconsideration of child support April 29, 2009

In the Matter of the Marriage of

Lynn DALY,
*Petitioner-Appellant,*
*and*

Scott DALY,
*Respondent-Respondent.*

Union County Circuit Court
050243042; A133179

206 P3d 1189

George W. Kelly argued the cause and filed the briefs for appellant.

Mark Johnson argued the cause for respondent. With him on the brief were Johnson Renshaw & Lechman-Su PC, Evan D. Hansen, and Grable & Hantke, LLP.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Mother appeals an Oregon judgment that modified the support provisions of a California dissolution judgment. ORS 19.205. The trial court modified the California judgment's family support award of $8,750 per month by separating the family support award into a child support award of $1,580 per month and a spousal support award of $4,000 per month, resulting in an overall decrease in monthly support. We reverse on the ground that the trial court erred in concluding that father had established a basis to modify spousal support, and we remand for further proceedings.

A California court dissolved mother's and father's marriage in 2001. At that time, the parties had three minor children. The California judgment included a written stipulation that ordered the following with regard to support:

"A.    Commencing June 1, 2001, [father] is ordered to pay [mother] the sum of $8,750 per month as and for family support * * *. Said family support shall continue until death of either party, further order of the court or December 1, 2006, whichever first occurs. Said family support shall be includable to [mother] as income and deductible to [father] for Federal and State income tax purposes.

"B.    Commencing December 1, 2006, [father] is ordered to pay [mother] the sum of $4,435 per month as and for family support until death of either party, further order of the court or December 31, 2010. Said family support shall be includable to [mother] as income and deductible to [father] for Federal and State income tax purposes.

"C.    [Mother] waives any and all rights she may have to receive a portion of [father's] bonuses received from his employment.

"D.    The parties intend and wish for said family support to be non-modifiable, absent mutual written agreement of the parties or a significant decrease in the earnings of either party. However, the parties acknowledge that pursuant to California law the court's jurisdiction over the issue of child support cannot be terminated. To the extent possible and permissible pursuant to California law, the family support orders set forth herein (and the spousal support orders contained therein) shall be non-modifiable. The

parties acknowledge that the duration and amount of family support payments set forth herein is integral to [mother's] agreement to the termination of the court's jurisdiction over the issue of spousal support on December 31, 2010. If the order for family support set forth herein is modified absent a written agreement of the parties, the court shall retain jurisdiction over the issue of spousal support until death of either party, remarriage of the supported spouse or further order of the court.

"E.   The above family, child and spousal support orders are based upon the following:

"1.   [Father's] income of $200,000 per year;

"2.   [Mother] having no income;

"3.   [Mother] claiming the minor children as dependents, filing as head of household and claiming the mortgage interest and property taxes as deductions;

"4.   [Father] filing as single, with one deduction and no mortgage interest or property tax deductions;

"5.   [Father] having a 33% timeshare with the children;

"6.   [Mother] having no child care expenses;

"7.   [Mother] waiving any and all interests she may have to receive a portion of [father's] bonus as and for spousal, child and/or family support."

The judgment also restrained mother or father "from moving the children's residence outside of Los Angeles County without the written consent of the other parent or court order."

In 2003, father lost his job as an advertising executive in Los Angeles and relocated to New York City, and, sometime thereafter, mother decided to move with the children to Cove, Oregon. The parties entered into a stipulation and consent for Oregon courts to assume continuing, exclusive jurisdiction over family support, spousal support, child support, child custody, and parenting time. A California court entered an order approving that stipulation in 2004, which allowed mother to relocate the children to Oregon and further provided:

"7.    [California] shall have jurisdiction over all matters prior to mother's move to * * * Oregon with the children.

"8.    [Mother] and [father] consent that the Oregon Judicial Department, including its circuit courts, shall have exclusive jurisdiction to modify the Orders and shall assume continuing, exclusive jurisdiction over the Orders, immediately upon [mother's] move to * * * Oregon with the children, including jurisdiction over all family support, spousal support, child support, child custody, and visitation matters.

"9.    When [mother] moves to * * * Oregon with the children, the parties and their children will no longer have a significant connection with * * * California concerning the care, protection, training, and personal relationships of the children, and * * * Oregon will be the home state of the children."

In April 2005, father filed in Union County Circuit Court a motion to show cause why the family support order in the California judgment should not be modified to reduce spousal support and to award child support on the basis of Oregon's child support guidelines. Mother contested the motion, arguing that California had subject matter jurisdiction over the family support award and the parties could not by stipulation or waiver divest California of or convey to Oregon subject matter jurisdiction of the family support award. Mother further argued that the Oregon court had no authority to segregate the family support award into child support and spousal support for the purpose of modifying them, and that, regardless of whether the award could be so segregated and modified, the parties' dissolution judgment permitted modification of family or spousal support only when the parties agreed in writing to make them modifiable or a party had suffered a significant decrease in earnings, neither of which applied.

After a hearing, the trial court concluded that the parties' 2004 stipulation was an agreement to make the family and spousal support awards modifiable, thereby satisfying one of the two alternative conditions in the California judgment that permitted the court to modify support. The court also concluded that it had subject matter jurisdiction of the family support award. It reasoned:

"Mother used the stipulation with [f]ather * * * to move from California to Cove, Oregon. [Mother] is now estopped from challenging the validity of the California stipulation. It would be unfair to allow [mother] to enjoy the benefits of the stipulation and now to seek to declare it void."

Having concluded that it had jurisdiction to modify the child support and spousal support obligations contained in the unallocated family support award, the court found that there had been a substantial unanticipated change in circumstances, it segregated the unallocated family support award into child support and spousal support, and, using Oregon law, it awarded mother child support and spousal support that, taken together, resulted in a decrease in support from $8,750 per month to $5,280 per month.

Mother raises four assignments of error on appeal. She first contends that the court erred in concluding that it had jurisdiction to modify spousal support. Second, she contends that the court erred in concluding that the 2004 stipulation was a mutual written agreement to make the family and spousal support awards modifiable. Third, she contends that the court erred in finding that there had been a substantial unanticipated change in the parties' circumstances. Finally, she contends that, even if there had been a substantial unanticipated change in circumstances, the court erred in concluding that the change warranted a modification of spousal support or, in the alternative, that the court erred in the amount of the modification.

The threshold issue in this case is whether an Oregon court has subject matter jurisdiction to modify the family support award. We start with the general rules regarding subject matter jurisdiction. "Subject matter jurisdiction depends on whether the court has the authority to make an inquiry." *Callahan v. Employment Division*, 97 Or App 234, 238, 776 P2d 21 (1989). "When sitting as a domestic-relations court, a circuit court has only that authority granted by statute." *Spady v. Graves*, 307 Or 483, 488, 770 P2d 53 (1989). Moreover, "subject matter jurisdiction is never waived and can be raised by any party or by the court *sua sponte* at any stage of the proceedings." *Weatherspoon v.*

*Allstate Ins. Co.*, 193 Or App 330, 333, 89 P3d 1277, *rev den*, 337 Or 327 (2004).

This case presents multiple subject matter jurisdiction queries. Our first inquiry is whether the Oregon trial court had jurisdiction to modify an order for "family support."[1] "Family support" is an unfamiliar term in Oregon. Oregon's statutory framework does not provide for or otherwise refer to family support. Under California law, "family support" is defined as an agreement or order "that combines child support and spousal support without designating the amount to be paid for child support and the amount to be paid for spousal support." Cal Fam Code § 92. By definition, then, family support includes both child support and spousal support, and, in this case, the parties clearly intended the family support to be a combination of both. The dissolution judgment ordered "child support" and "spousal support * * * as set forth in the attached * * * stipulation." The judgment's attached stipulation acknowledged that the parties' agreement with regard to family support was dependent on California law regarding child support. The judgment even included the information that would be necessary to determine what amount of the family support was attributable to child support, by including, among other things, father's and mother's annual income and the percentage of time that father spent with the minor children. *See* Cal Fam Code § 4055 (indicating that formula for determining child support depends on both parents' net monthly income and percentage of time the higher-income parent spends with children). The attached stipulation further stated that mother agreed to the termination of the "issue of spousal support" in 2010 in exchange for the agreed amount of family support. There is no question that the family support combined child support and spousal support, and that those amounts, under the parties' agreement, could be separately determined.

Oregon courts have jurisdiction to modify child and spousal support orders. ORS 107.135(1). ORS 110.426 to

---

[1] Although mother did not argue in her brief that the use of the term "family support" precluded an Oregon court from modifying the child and spousal support awards embodied in the family support award, both parties acknowledged at oral argument that that was the first jurisdictional issue that we must resolve.

110.436 set forth the provisions under which a "tribunal of this state" *may* modify a child support award issued in another state. ORS 110.327(6) sets forth the circumstances under which an Oregon court may *not* modify a spousal support order issued in another state. In other words, unless certain exceptions applied, the trial court had jurisdiction to modify child support and spousal support awards issued in another state.

■      The fact that the California judgment awarded family support did not change the substance of the support awarded, and the parties acknowledged that in their written stipulation accompanying the dissolution judgment. In *Watson and Watson*, 149 Or App 598, 603, 945 P2d 522 (1997), we were asked to determine whether the father's interim "family support" obligation could be decreased because the eldest child had reached age 21. The wife argued, among other things, that family support was not child support; therefore, there was nothing in the family support award to modify. *Id.* at 604-05 n 1. We disagreed, concluding that the family support award consisted of spousal support, child support, and additional housing expenditures. *Id.* at 605. The parties' agreement in that case to require the father to pay family support did "not deprive courts of the authority to modify a support award that otherwise would be subject to the court's statutory authority to modify." *Id.*

■      Similar reasoning applies here. Modifications of child support and spousal support awards are within an Oregon court's jurisdiction. It follows that a family support award that consists of child support and spousal support is within an Oregon court's jurisdiction to modify. The parties' use of the term "family support" did not deprive the trial court of its statutory authority to modify child support and spousal support.

■      Having established that the family support award consisted of child support and spousal support awards that Oregon courts, generally, have jurisdiction to modify, we turn to whether the trial court had jurisdiction to modify the particular child support and spousal support awards contained in the California judgment. Both parties agree that Oregon

had subject matter jurisdiction of the child support award. Section 4909 of the California Family Code provides:

> "A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order * * * [u]ntil all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction."

ORS 110.432 provides, in part:

> "(1)    After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if ORS 110.436 does not apply and, after notice and hearing, the responding tribunal finds that:

> "(a)    The following requirements are met:

> "(A)    The child, the individual obligee and the obligor do not reside in the issuing state;

> "(B)    A petitioner who is a nonresident of this state seeks modification; and

> "(C)    The respondent is subject to the personal jurisdiction of the tribunal of this state; or

> "(b)    *The child or a party who is an individual is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed a written consent in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order.*"[2]

(Emphasis added.) Thus, under California law, California no longer had jurisdiction over the child support award when the parties filed their 2004 stipulation giving the Oregon Judicial Department "exclusive jurisdiction to modify the Orders * * * including jurisdiction over all family support, spousal support, *child support*, child custody, and visitation matters." (Emphasis added.) Under Oregon law, Oregon

---

[2] ORS 110.436, which limits the application of ORS 110.432, does not apply to this case.

acquired jurisdiction of the child support award by that same stipulation.

We turn to the court's jurisdiction of the spousal support award. Mother argues that the trial court lacked jurisdiction to modify that award because neither the California judgment, nor the law of either state, allowed jurisdiction of that award to be transferred to Oregon. Father argues that, regardless of the California judgment's provisions, mother agreed in the 2004 stipulation to give Oregon courts jurisdiction over child support and spousal support, and that grant was sufficient to meet jurisdictional requirements in California and Oregon.

Both California and Oregon have adopted the 1996 version of the Uniform Interstate Family Support Act (UIFSA). *See* Cal Fam Code §§ 4900-5005; ORS 110.303 - 110.452. UIFSA distinguishes between child and spousal support awards regarding the transfer between states of jurisdiction to modify them. As discussed above, jurisdiction of child support awards can be transferred between states if all of the affected individuals consent in writing to such a transfer. *See* Cal Fam Code § 4909; ORS 110.432(1)(b).

In contrast, jurisdiction over spousal support awards is not expressly made subject to transfer by mutual consent. The UIFSA provision on spousal support is UIFSA section 205(f), which provides:

> "A tribunal of this State issuing a support order consistent with the law of this State has continuing, exclusive jurisdiction over a spousal-support order throughout the existence of the support obligation. A tribunal of this State may not modify a spousal-support order issued by a tribunal of another state having continuing, exclusive jurisdiction over that order under the law of that state."

Uniform Interstate Family Support Act § 205(f), 9 ULA 340 (1996); *see* Cal Fam Code § 4914; ORS 110.327(6). That provision gives continuing, exclusive jurisdiction over a spousal support award to the courts of the state that issues the award, and it denies jurisdiction over the award to courts in other states as long as courts in the original state retain continuing, exclusive jurisdiction over the award. It does not

expressly authorize jurisdiction over such awards to be transferred by mutual consent.

Significantly, however, UIFSA's failure to expressly authorize the transfer of jurisdiction over spousal support awards between states by mutual consent is not intended to foreclose such transfers. As the commentary to section 205 explains,

> "the Act is silent rather than preclusive [on the ability of parties to transfer jurisdiction over spousal support awards by mutual agreement]. If the parties wish to enter into such an agreement, it is up to the individual states to decide whether to recognize it. A waiver of continuing, exclusive jurisdiction and subsequent modification of spousal support by a tribunal of another state simply is not authorized under the auspices of UIFSA."

Uniform Interstate Family Support Act § 205 Comment, 9 ULA 341 (1996). Consequently, we turn to the relevant California and Oregon law on the ability of parties to alter the jurisdiction of courts by agreement.

■ ■ It is well-established law in both California and Oregon that subject matter jurisdiction cannot be conferred on courts by consent, waiver, or estoppel. *See, e.g., Estate of Buckley*, 132 Cal App 3d 434, 451, 183 Cal Rptr 281 (1982); *Wink v. Marshall*, 237 Or 589, 592, 392 P2d 768 (1964). That principle operates to deny to parties and courts the ability to expand court jurisdiction beyond the jurisdiction that the constitutions and legislatures have given to courts. Under that principle, the parties could not, by agreement, give Oregon courts jurisdiction over the parties' spousal support award that Oregon law does not give to Oregon courts. As noted, Oregon law denies jurisdiction to Oregon courts of a spousal support award of another state as long as the courts of the other state have continuing, exclusive jurisdiction of the award. Consequently, the parties' 2004 stipulation could not operate to give Oregon courts jurisdiction over the parties' spousal support award if California has continuing, exclusive jurisdiction over the award.

■ Here, however, a California court entered an order approving the parties' 2004 stipulation, which had the effect

of relinquishing California's continuing, exclusive jurisdiction over the spousal support award. We are unaware of any California law that denies California courts the authority to enter such an order. Hence, because the order effectively relinquished California's continuing, exclusive jurisdiction over the spousal support award, Oregon courts have jurisdiction over the award, as the trial court correctly concluded. We therefore reject mother's first assignment of error.

We turn to mother's second assignment. Mother assigns error to the court's conclusion that the parties agreed to make spousal support modifiable when they executed the 2004 stipulation to jurisdiction. In mother's view, the California judgment contains an enforceable nonmodification provision that governs the modification of spousal support, and neither condition specified in that provision was established so as to allow the trial court to modify the spousal support award. The trial court disagreed. In its view, when the parties executed the stipulation, they "contractually agreed that Father could modify support."

■■ ■■ A stipulation, once approved by the court, is interpreted like any other contract. *McDonnal and McDonnal*, 293 Or 772, 780, 652 P2d 1247 (1982). Thus, we begin our analysis by examining the text of the stipulation. In relevant part, the stipulation reads:

> "8. [Mother] and [father] consent that the Oregon Judicial Department, including its circuit courts, shall have exclusive jurisdiction to modify the Orders and shall assume continuing, exclusive jurisdiction over the Orders, immediately upon [mother's] move to * * * Oregon with the children, including jurisdiction over all family support, spousal support, child support, child custody, and visitation matters."

As explained above, 228 Or App at 143-45, the stipulation shifted from California courts to Oregon courts jurisdiction to modify the support, custody, and parenting-time provisions of the California judgment. However, it did not, by its terms, make modifiable the family and spousal support awards that the California judgment made nonmodifiable. The trial court erred in its contrary conclusion.

■ However, that does not end our inquiry. We still must determine the effect of the nonmodification provision in the California judgment. That judgment specifies:

> "The parties intend and wish for said family support order to be non-modifiable, absent mutual written agreement of the parties or a significant decrease in the earnings of either party. However, the parties acknowledge that pursuant to California law the court's jurisdiction over the issue of child support cannot be terminated. To the extent possible and permissible pursuant to California law, the family support orders set forth herein (and the spousal support orders contained therein) shall be non-modifiable. The parties acknowledge that the duration and amount of family support payments set forth herein is integral to [mother's] agreement to the termination of the court's jurisdiction over the issue of spousal support on December 31, 2010. If the order for family support set forth herein is modified absent a written agreement of the parties, the court shall retain jurisdiction over the issue of spousal support until death of either party, remarriage of the supported spouse or further order of the court."

By its terms, the California judgment expressly allows modification of family and spousal support by written agreement or when there has been a significant decrease in the earnings of either party. As we have concluded, the parties did not agree in writing to make family and spousal support modifiable. Additionally, father has not established a "significant decrease in the earnings of either party." The evidence demonstrates that father's income has increased from roughly $200,000 per year at the time of the dissolution to $256,000 in 2005 and $245,000 in 2006. Thus, neither of the specified conditions for modification under the California judgment has been met.

■ Father argues on appeal, however, that the nonmodification provision is invalid under California law and, hence, did not limit the trial court's authority to modify spousal support. Section 3651 of the California Family Code governs agreements not to modify support. It provides, in relevant part:

"(a)   Except as provided in subdivisions (c) and (d) * * *, a support order may be modified or terminated at any time as the court determines to be necessary.

"* * * * *

"(d)   An order for spousal support may not be modified or terminated to the extent that a written agreement * * * specifically provides that the spousal support is not subject to modification or termination."

In father's view, the nonmodification provision is invalid, because only *spousal* support may be made nonmodifiable under California law. Here, the parties agreed to *family* support, which "combines child support and spousal support without designating the amount to be paid for child support and the amount to be paid for spousal support." Cal Fam Code § 92. Thus, in father's view, the parties' attempt to make the *family* support award nonmodifiable was ineffective.

We disagree. As already noted, family support is a combination of child support and spousal support. Cal Fam Code § 92. Both parties agree that section 3651 of the California Family Code allows parties to agree to make an award of spousal support nonmodifiable but does not allow them to agree to make an award of child support nonmodifiable.

Neither party disputes that the court has jurisdiction to modify the child support portion of the parties' family support award. By labeling the support "family support," the parties have not changed the nature of the support, which, despite a single label, contains two components: child support and spousal support. In the same way, we fail to see father's distinction between an agreement not to modify spousal support and an agreement not to modify the spousal support component of a family support award. Father has not presented any cases that make that distinction, and we have found none.

We conclude that the nonmodification provision is valid. Because it is, and because neither condition under it for modifying spousal support was met, the court erred in modifying the spousal support award.

Father also sought to modify child support, which, as we have concluded, the trial court had jurisdiction to modify. In light of our decision on spousal support, we remand for the trial court to reconsider whether modification of child support is warranted, and, if so, to recalculate that support obligation in a manner consistent with this opinion. We need not address mother's remaining assignments of error.[3]

Reversed and remanded for reconsideration of child support.

---

[3] Mother's final assignment of error pertains to the income that the trial court attributed to her in modifying the child support obligation. That issue was not raised in the trial court but may be raised on remand. We therefore decline to address it on appeal.